■ In the Matter of ROXANNE BENEDINO, Respondent, v JOHN HIGLEY, Appellant.—Levine, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered October 26, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, inter alia, modify a prior order of child support.

Petitioner and respondent are the parents of a child born on April 19, 1987. In November 1987, a Family Court order was entered directing respondent to pay $60 per week in child support. Subsequently, in April 1990, petitioner commenced this proceeding seeking an upward modification in respondent's child support obligation. She alleged in her petition that both respondent's financial resources and the child's living expenses had increased and that her own financial resources had decreased.

Following a hearing, the Hearing Examiner concluded that petitioner's shelter costs had increased, that the child's needs were not being met and that "[a]lthough the criteria for an increase in regard to change in circumstances was not clearly met, the best interests of the child mandate an increase". Based upon the foregoing, respondent was directed to pay support in the amount of $85 per week and 60% of the child's uncovered medical and dental expenses. Respondent then filed timely objections to the Hearing Examiner's order, but failed to request transcription of the hearing. Family Court denied the objections, concluding that "there has been a change of circumstances since the entry of the [1987] order". This appeal followed.

The order of Family Court cannot stand. It is well established that a party seeking a modification of a prior Family Court support order has the burden of demonstrating changed circumstances sufficient to warrant such a modification (see, Family Ct Act § 461 [b] [ii]; *Matter of Brescia v Fitts,* 56 NY2d 132, 140). Thus, the Hearing Examiner's determination here granting petitioner's application for an upward modification in support without an adequate showing of changed circumstances was clearly erroneous. Although Family Court did find a change of circumstances, it did so without making additional findings and without the benefit of a transcript. In the absence of a transcript or further explanation from the court, we are unable to determine from the record before us the basis for its conclusion.* Accordingly, the matter must be remitted to Family Court to enable it to enunciate the basis for its determination that a showing of changed circumstances was made, and to the extent that this requires review of a transcript, the court should request the preparation thereof (see, 22 NYCRR 205.37 [c]).

---

* Had the Hearing Examiner made findings adequate to support his decision to increase support which were then affirmed by Family Court, the absence of a transcript would not preclude us from affirming Family Court's order (see, *Matter of Avitzur v Rose,* 174 AD2d 843, 846).

Mahoney, P. J., Casey, Weiss and Mercure, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this court's decision.