In the Matter of SUSAN J. KERR, Appellant, v JOHN G. BELL, Respondent.

Third Department, March 26, 1992

**APPEARANCES OF COUNSEL**

*Gerald A. McIntyre* for appellant.

**OPINION OF THE COURT**

CREW III, J.

The parties were married in December 1970 and five children were born of the marriage. The couple separated in August 1989 and, initially, all five children resided with respondent. An order directing petitioner to pay child support in the amount of $67.10 per week and $5 per week for arrears was entered in April 1990. On April 27, 1990 the youngest of the five children was removed from respondent's custody and now resides with petitioner. In June 1990 petitioner commenced this proceeding pursuant to Family Court Act article 4 seeking, *inter alia,* support for the child of whom she has custody or a modification of the prior order directing child support payments to respondent.

Following a hearing, the Hearing Examiner found that all five children were unemancipated and required support. He found petitioner's adjusted weekly gross income to be $236.39 and the corresponding figure for respondent to be $258.84. He

was of the opinion that treating the two households separately as a one-child household and a four-child household pursuant to the guidelines of the Child Support Standards Act (hereinafter CSSA) contained in Family Court Act § 413 (1) (c) would result in an inequitable support amount.* As a result, the Hearing Examiner decided that petitioner's child support payments for the four children residing with respondent should be $53.60 per week, which would be offset by $13.40 per week paid in child support by respondent, resulting in a $40.20 per week payment from petitioner to respondent. Petitioner filed objections which Family Court denied, and this appeal ensued.

Petitioner contends on appeal that the Hearing Examiner and Family Court both erred in not strictly utilizing the CSSA formula in determining the parties' respective financial obligations. Alternatively, petitioner claims that even if there was justification for not utilizing the formula, the final determination of support was arbitrary and an abuse of discretion.

Unlike the typical situation addressed by the CSSA wherein all the children in the family reside with the custodial parent and the formula is utilized to determine the noncustodial parent's financial obligation to the household, here we are dealing with a split custody situation where, in effect, both parents are simultaneously custodial and noncustodial parents. Unquestionably, the CSSA does not directly address such a situation (see generally, Family Ct Act § 413) and, in fact, one treatise suggests that in split custody cases a strong argument can be made that the CSSA simply does not apply (see, Tippins, New York Matrimonial Law and Practice § 5A:57, at 110 [discussing the difficulties also present in joint custody situations]). We are hesitant, however, to adopt such a bright line approach inasmuch as both the example given in the treatise (id., at 111-112) and the Hearing Examiner's efforts in this case demonstrate that it is possible to apply the formula in the split custody context, even if it is unwieldy. Moreover, while the Hearing Examiner and court in this case both found application of the formula to be inequitable, we are disinclined to state, as a matter of law, that this would automatically mean that the formula could not be applied fairly in other split custody cases.

---

* A strict application of the CSSA formula would result in petitioner having a responsibility of $73.28 per week while respondent's responsibility would be $44.01. This would result in a net payment by petitioner to respondent of $29.27.

It has also been suggested that one possible approach in split custody cases is to treat the two households as one for purposes of determining the statutory percentage and then simply divide that amount equally by how many children each household contains (see, Tippins, New York Matrimonial Law and Practice § 5A:57, at 112). However, such a formulation seems unfair in that it ignores the intent of the Legislature, expressed in the CSSA, to take into account both the often differing income between parents and the greater proportionate expense involved in raising one child as opposed to several (see generally, Matter of Commissioner of Social Servs. v Raymond S., 180 AD2d 510). Notably, Family Court Act § 413 (1) (g) provides that "[w]here the court finds that the non-custodial parent's pro rata share of the basic child support obligation is unjust or inappropriate, the court shall order the non-custodial parent to pay such amount of child support as the court finds just and appropriate". Accordingly, there is leeway provided in the statute for the court to fashion an equitable support amount when the support formula proves to be inadequate.

Turning to the situation in the case at bar, we can make no ruling at this time as to the appropriateness of Family Court's ultimate support award because we are unable to determine from either the decision of the Hearing Examiner or Family Court (1) why the amount derived from the CSSA formula was deemed inequitable or unjust, and (2) how the amounts that were ultimately selected were arrived at. With respect to the rejection of the CSSA formula figures, neither decision explained in any detail why these amounts were allegedly unjust, even though presumably this was because the figure allotted to petitioner for one child was seemingly so much higher in proportion to the amount allotted to respondent for four children. In that regard, we note, however, that the Legislature saw fit to provide in the formula a greater proportion of support for a single-child household than a multichild household (see, Family Ct Act § 413 [1] [b] [3]) because of the recognition that it is proportionately more expensive to raise a single child than it is to raise children in greater numbers (see, Matter of Commissioner of Social Servs. v Raymond S., supra). This is not to say that the ultimate amounts derived pursuant to the guidelines may not be found to be inadequate, but some sort of reasoned elaboration for such a finding should be given in order to facilitate appellate review.

In finding the formula amounts to be unjust, the Hearing

Examiner did not specifically mention any of the statutorily required factors that must be considered in forming such a conclusion (see, Family Ct Act § 413 [1] [f]), although he did mention in passing that he was not taking into account the part-time income of the two eldest children (Family Ct Act § 413 [1] [f] [1]) and that both parents contributed unspecified nonmonetary contributions to the children's care (Family Ct Act § 413 [1] [f] [5]). Instead, the Hearing Examiner seemingly arbitrarily chose the amount of $67, divided it by five, and determined that petitioner should pay respondent 4/5 of that amount ($53.60) while respondent would pay to petitioner the remaining 1/5 ($13.40). The $67 amount seems suspiciously close to the $67.10 petitioner had to pay to respondent prior to the time she obtained custody of the youngest child. In adopting those figures in its decision, Family Court did specifically mention the two statutory factors (Family Ct Act § 413 [1] [f] [1], [5]) alluded to by the Hearing Examiner, but no further explanation for the figures was otherwise given. Significantly, neither decision gives any explanation as to why the greater proportionate expenses normally incurred by a single-child household are ignored in the support awards. Treating the newly formed separate households as one without recognizing the differing economies of scale (see, Matter of Commissioner of Social Servs. v Raymond S., supra) strikes us as arbitrary on its face without some explanation for ignoring the discrepancy.

Further, both the Hearing Examiner and Family Court mention that petitioner is responsible for unspecified daycare costs for the child in her care (see, Family Ct Act § 413 [1] [c] [4]; see also, Family Ct Act § 413 [1] [f] [10]) and that these costs are allegedly reflected in the ultimate award, but do not state how. More disturbing, however, is the fact that by simply splitting one amount into five and according petitioner an equal one-fifth share, the award seems to focus solely on petitioner's income and fails to take into account that respondent's income is higher (see, Family Ct Act § 413 [1] [f] [1]).

Consequently, the matter must be remitted to Family Court for a meaningful examination of relevant costs and factors involved in forming an equitable support award for both parties. Each respective household must be examined individually as opposed to simply taking a figure and splitting it as if there were only one household requiring support. We find no compelling reasons for altering the support awards at this time. However, in the event it is ultimately determined that

petitioner is presently paying more than her proportionate share, the excess should be applied to her support arrears.

Mikoll, J. P., Mercure and Mahoney, JJ., concur.

Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Schuyler County for further proceedings not inconsistent with this court's decision.