■ JOSEPH MALATINO, Respondent, v JOANNE MALATINO, Appellant.—Weiss, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered January 7, 1992 in Saratoga County, which partially granted defendant's motion for certain pendente lite relief.

Only one of the three children born of this June 30, 1968 marriage remains an infant, Michael, age 15, who currently resides with defendant. In this June 1990 divorce action, defendant moved for, *inter alia,* temporary child support and health insurance for herself and Michael. In support of the motion defendant submitted her affidavit, a verified net worth statement, pay stubs and the parties' 1990 tax returns, including W-2 and 1099 forms. In opposition, plaintiff submitted his affidavit with a letter from an accountant and a listing of certain disbursements made to or on behalf of his three children during 1989, 1990 and 1991.

The record establishes that in 1990 defendant's gross income was $20,568 and plaintiff's gross income was $87,528. Plaintiff's income consists of a salary from a family-owned corporation which he controls and rental income paid by the corporation on its business premises, which he and defendant own jointly. Plaintiff attributes his higher 1990 income to an increased drawing from the business necessitated by college expenses for the two older children. Contending that he no longer faced the high college expenses and that business conditions necessitated economies, plaintiff reduced his total income for 1991 to $46,000. Plaintiff's explanation was totally conclusory with neither evidentiary support nor proof of the financial condition of the corporation. The unsworn one-page letter from plaintiff's accountant is neither evidentiary nor persuasive.

Although Supreme Court's January 2, 1992 order[1] held Domestic Relations Law § 240 (1-b) (the Child Support Standards Act) applicable, the court failed to apply the statutory formula by ignoring section 240 (1-b) (b) (5) (i), which requires that the formula be applied to the income in the prior year. Instead, Supreme Court applied the formula to the $46,000 plaintiff projected as income for 1991 and directed plaintiff to pay $137 per week as temporary child support. Defendant has appealed.

The Child Support Standards Act requires that the statutorily defined income be applied to the formula to calculate the basic child support obligation and to apportion the pro rata share to be paid by a noncustodial parent (here, plaintiff), unless the court finds that such amount is unjust or inappropriate (Domestic Relations Law § 240 [1-b] [f]). Under the circumstances here present, where plaintiff has virtually total control over his income and has candidly admitted his ability to manipulate it, we find that it was improper to accept the unverified self-serving statements as support for a departure from the requirements of the Child Support Standards Act and, accordingly, modify the order before us on this appeal (see, 22 NYCRR 202.16 [g] [3], [4]).

Because the use of plaintiff's 1990 income results in combined parental income (Domestic Relations Law § 240 [1-b] [b] [4]) in excess of $80,000 (Domestic Relations Law § 240 [1-b] [c] [3]), the actual needs of the child must be assessed (see, Chasin v Chasin, 182 AD2d 862). The combined parental income here for purposes of the Child Support Standards Act totals $102,528 of which $83,332 (81%) is attributable to plaintiff. Application of the formula would result in a support obligation of $272 per week ($102,528 × .17 + $17,430; $17,430 × .81 + $14,118 per year or $272 per week) chargeable to plaintiff. An analysis of the statement of expenses submitted by defendant, which plaintiff disputes only in a nonspecific manner, reflects a standard of living for the child which could be reasonably expected based upon the former marital income. We observe that plaintiff controls the rental income[2] on the jointly owned business real property and note that the 1990 rent exceeded defendant's entire gross income for that year. Her education,

---

1. Supreme Court did not render a written decision and we are therefore without the reasoning or rationale of the court.

2. The gross rents received by plaintiff in 1990 were $33,000. The only expenses related to the premises were $69 in interest (the property now has no mortgage) and $6,962 in depreciation which inured solely to plaintiff's benefit. Plaintiff reduced the 1991 rents to a projected $8,000.

job skills, and earning capacity are substantially less than plaintiff's and reflect her earned income level to be only one third of plaintiff's, thus limiting her ability to provide for Michael. Based upon these considerations, we adopt the formula amount of $272 per week as plaintiff's child support obligation and further modify Supreme Court's order to establish plaintiff's share of uninsured medical expenses for the child to be 81% and defendant's share to be 19%.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to defendant, by reversing so much thereof as based plaintiff's child support obligations on a projected 1991 income of $46,000; plaintiff's income for purposes of the Child Support Standards Act is $83,332, plaintiff's child support obligation shall be $272 per week retroactive to November 8, 1991, and the parties' proportionate share of reasonably necessary uninsured medical expenses for Michael are determined to be 81% for plaintiff and 19% for defendant; and, as so modified, affirmed.