In the Matter of DIANE M. HOLMES, Respondent, v GREGORY M. HOLMES, Appellant.

Third Department, December 31, 1992

APPEARANCES OF COUNSEL

*Wein, Young, Fenton & Soronen, P. C.,* Guilderland *(Paul H. Wein* of counsel), for appellant.

*Friedman & Manning, P. C.,* Delmar *(Michael P. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

The parties were married in July 1985 and have two children. Following their separation in September 1990, the parties established a schedule whereby each party had physical custody of the children on alternate weekends, petitioner had overnight physical custody three out of five weeknights and respondent had overnight physical custody two out of five weeknights. Respondent was responsible for transporting the children to day care each day, regardless of who had custody the previous evening. Although the parties had failed to establish a definite schedule for the summer months, they anticipated following the same schedule except that petitioner, who is a school teacher and does not work during the summer months, would care for the children during the day instead of sending them to day care.

Petitioner subsequently commenced this proceeding pursuant to Family Court Act article 4 seeking an order of child support. Following a hearing, the Hearing Examiner found petitioner's and respondent's annual earnings to be $42,847 and $53,300, respectively, and that respondent's income represented 55.4% of the parties' combined income. The Hearing Examiner also concluded that the Child Support Standards Act (hereinafter CSSA) percentages should be applied to the combined income of the parties and ordered respondent to pay petitioner $236 per week in child support and $47 in day care expenses, for a total award of $283 per week. Respondent filed written objections, which Family Court sustained only to the extent that the parties were each allowed to claim one child as an exemption for State and Federal tax purposes. This appeal ensued.

Respondent argues on appeal that the CSSA should not be applied where, as here, the parties share physical custody of their children and, further, that if the CSSA does apply the Hearing Examiner's application of the basic child support formula was unjust. The record reveals that on an annual basis respondent has physical "custody" of the children ap-

proximately 40% of the time;* under these circumstances, we believe that it would be inappropriate to label petitioner the "primary caretaker and de facto custodian of the children" *(cf., Harmon v Harmon,* 173 AD2d 98, 110). Moreover, although the parties do not have a formal or court-ordered custody arrangement, it appears that the parties have implicitly created a joint custody situation. The arrangement here is similar to the split custody situation found in *Matter of Kerr v Bell* (178 AD2d 1), where four of the parties' five children resided with the respondent and the remaining child resided with the petitioner. As was the situation in *Kerr,* the parties here are, in effect, "simultaneously custodial and noncustodial parents" *(supra,* at 3). We acknowledged in *Kerr,* as we do here, that the CSSA does not directly address joint or split custody situations and that at least one treatise has suggested that the CSSA simply has no application in these situations *(see,* 1 Tippins, New York Matrimonial Law and Practice § 5A:57, at 110-111 ["there is simply no basis for imposing the support obligations of a noncustodial parent when neither party properly bears such designation"]). Once again, however, we decline the invitation to hold that the CSSA has no application to joint custody situations *(see, Matter of Kerr v Bell, supra).*

In accordance with Family Court Act § 413 (1) (f), the court is required to order the noncustodial parent to pay his or her pro rata share of the basic child support obligation, unless the court determines that such share is unjust or inappropriate based upon a consideration of the 10 factors set forth therein *(see, Malatino v Malatino,* 185 AD2d 605, 606; *Matter of Griffin v Janik,* 185 AD2d 635; *Matter of Hitlin v Towers,* 175 AD2d 382). When the combined parental income exceeds $80,000, the court may determine the amount of child support with respect to the amount of income in excess of $80,000 either through application of the child support percentages or consideration of the factors listed in Family Court Act § 413 (1) (f) (Family Ct Act § 413 [1] [c] [3]; *see, Harmon v Harmon,* 173 AD2d 98, 110, *supra).*

---

* For 40 weeks of the year, petitioner has the children 57% of the time (8 out of 14 days) and respondent has the children 43% of the time (6 out of 14 days). For the remainder of the year, petitioner has the children 71% of the time (10 out of 14 days) and respondent has the children 29% of the time (4 out of 14 days). On an annual basis, this translates into petitioner having the children approximately 60% of the time and respondent having the children approximately 40% of the time.

Here the Hearing Examiner concluded, without elaboration, that there was no reason not to apply the statutory formula set forth in the CSSA. We are of the view that the Hearing Examiner's application of the child support percentages to that portion of the parties' combined parental income exceeding $80,000 was an improvident exercise of discretion. We have previously held that "[t]he blind application of the statutory formula to the combined parental income over $80,-000 without any express findings of the children's actual needs constitutes an abdication of judicial responsibility * * * and renders meaningless the statutory provision setting a cap on strict application of the formula" (*Chasin v Chasin,* 182 AD2d 862, 863; *see, Harmon v Harmon, supra,* at 111; *Reiss v Reiss,* 170 AD2d 589, 590-591, *lv dismissed* 78 NY2d 908, *lv denied* 79 NY2d 758). The Hearing Examiner failed to make such express findings here, and although the record provides us with a reasonably clear picture of the parties' respective financial circumstances, it does not provide us with a basis for determining the children's actual support needs. Accordingly, the matter must be remitted to Family Court for a new determination as to child support. We find the remaining arguments advanced by respondent unpersuasive.

CASEY, J. (concurring in part and dissenting in part). Family Court Act § 413 (1) (b) (1) establishes a formula for calculating the "[b]asic child support obligation" and courts are required by Family Court Act § 413 (1) (f) to order the "non-custodial parent [to pay his or her] pro rata share of the basic child support obligation", unless that obligation is found to be unjust or inappropriate based upon consideration of certain factors. It is our view that when the parties have joint custody and the actual physical custody of the children is shared to the extent present in this case, the basic child support obligation is, as a matter of law, inappropriate. Accordingly, we respectfully dissent from so much of the majority decision as concludes to the contrary.

The case of *Matter of Kerr v Bell* (178 AD2d 1) involved a split custody situation, where four children resided with one parent and a fifth resided with the other parent. Recognizing "that it is possible to apply the [basic child support obligation] formula in the split custody context, even if it is unwieldly" (*supra,* at 3), this Court declined to hold the formula inapplica-

ble. In the *Kerr* case, each parent was clearly a custodial parent with respect to the child or children who resided with him or her, and at the same time a noncustodial parent with respect to the child or children who resided with the other parent. Here, in contrast, the parties' two children do not reside with either parent on a full-time basis. Rather, physical custody of both children is shared. During the period that petitioner has physical custody of the children, she is actually the custodial parent and respondent is the noncustodial parent; during the period that respondent has physical custody of the children, he is actually the custodial parent and petitioner is the noncustodial parent. In contrast to the split custody situation in *Kerr,* the parties herein are never simultaneously both a custodial parent and a noncustodial parent. Rather, their status as the actual custodial parent or noncustodial parent changes back and forth as the physical custody of the children changes. Thus, contrary to the majority's conclusion, the parents here are not, in effect, simultaneously custodial and noncustodial parents.

Family Court Act § 413 clearly does not contemplate the type of shared custody involved herein, and the practical difficulties inherent in having the obligation to pay child support, imposed by the statute on the noncustodial parent, exchange back and forth between the parties depending upon which of them has physical custody of the children would make application of the statute more than unwieldly. It is our view that, consistent with the intent of the statute, one of the parents in a shared custody arrangement should be viewed as *the* custodial parent of the parties' children and the other as *the* noncustodial parent for the purpose of determining child support under the statute. In this case, petitioner should be viewed as the custodial parent for the purposes of applying Family Court Act § 413 because she has physical custody of the children for the majority of the time. Respondent, therefore, is the noncustodial parent within the meaning of the statute, and the period when he has physical custody of the children constitutes "extended visitation" within the meaning of the statute.

Pursuant to Family Court Act § 413 (1) (f) (9) (ii), the factors which must be considered in determining whether the basic child support obligation created by the statute is "unjust or inappropriate" include "expenses incurred by the non-custodial parent in extended visitation provided that the custodial parent's expenses are substantially reduced as result thereof".

It is our view that this standard has been met as a matter of law when, as in this case, the noncustodial parent's "extended visitation" consists of actual physical custody of the parties' children for approximately 40% of the year, as found by the majority. There can be little doubt that a parent who has physical custody of two children for 40% of the year incurs expenses as a result thereof, and that the other parent's expenses are substantially reduced by not having physical custody of the children for more than 60% of the year. Child support should, therefore, be determined pursuant to Family Court Act § 413 (g).

MIKOLL, J. P., and HARVEY, J., concur with CREW III, J.; CASEY and MAHONEY, JJ., concur in part and dissent in part in a separate opinion by CASEY, J.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.