■ In the Matter of HELEN SMITH, Respondent, v STUART SMITH, Appellant. [602 NYS2d 963] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered October 29, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his children.

Petitioner and respondent were married in April 1967. Three children were born of their union, Ethan (born in 1971), Ian (born in 1975) and Hilary (born in 1980). In July 1991 the parties separated and, on or about January 16, 1992, petitioner commenced the instant proceeding for an order requiring respondent to pay fair and reasonable child support for Ian and Hilary. A fact-finding hearing was held on July 22, 1992 and August 5, 1992 at which the parties testified.

The Hearing Examiner found, *inter alia,* that petitioner had gross income, less FICA, of $29,565 and respondent had gross income of $79,970 per year. Applying the Child Support Standards Act (hereinafter the CSSA) guidelines, the Hearing Examiner determined respondent's support obligation to be $385 per week (25% × $79,970 ÷ by 52). Respondent filed objections to the order contending that the Hearing Examiner erred in computing his income and failed to consider the fact that he paid 70% of Ethan's college tuition expenses. Family Court denied respondent's objections and affirmed the order of the Hearing Examiner. Respondent appeals.

Family Court erred in denying respondent's objections to

the Hearing Examiner's calculation of his child support obligation. The order of Family Court should be reversed and remitted for recalculation of respondent's income and his support obligation.

Initially, we find respondent's contention that Family Court improperly rendered its decision without first reviewing the hearing transcript unpersuasive. This Court has held that Family Court may render a decision on objections without reviewing the hearing transcript *(see, Matter of Avitzur v Rose,* 174 AD2d 843, 846, *lv dismissed* 78 NY2d 1007; *Matter of Allen v Bowen,* 149 AD2d 828, 829; *see also, Matter of Benedino v Higley,* 175 AD2d 447, 448, n). Further, regulations applicable to Hearing Examiners require preparation of a transcript of the proceeding only where required by the Judge to whom the objections have been submitted (22 NYCRR 205.37 [c]; *see,* Family Ct Act § 439 [d], [e]). Family Court did not make such a request here.

Respondent properly argues that Family Court erred in denying his objections to the computation of his child support obligation. Under the CSSA income is, *inter alia,* "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Family Ct Act § 413 [1] [b] [5] [i]) plus, *inter alia,* certain self-employment deductions (Family Ct Act § 413 [1] [b] [5] [vi]), less certain other expenditures including unreimbursed employee business expenses *(see,* Family Ct Act § 413 [1] [b] [5] [vii]). Further, courts have broad discretion to attribute or impute income to a parent (Family Ct Act § 413 [1] [b] [5] [iv]; *cf., Bohnsack v Bohnsack,* 185 AD2d 533, 534). It appears that an S corporation's gross receipts are analogous to gross income and could have been imputed to respondent. However, "unreimbursed employee business expenses" were required to be deducted from gross income (Family Ct Act § 413 [1] [b] [5] [vii] [A]). As it does not appear that such computations were performed, the matter should be remitted for a more accurate calculation of respondent's income.

Even if, as respondent contends, the custody here was essentially split custody, the CSSA is still applicable *(see, Matter of Kerr v Bell,* 178 AD2d 1, 3; *cf., Matter of Holmes v Holmes,* 184 AD2d 185, 187). However, respondent's claim that strict application of the child support percentages is not always warranted is meritorious *(see,* Family Ct Act § 413 [1] [f]; *Matter of Holmes v Holmes, supra,* at 188; *see also, Matter of Steuben County Dept. of Social Servs. v James,* 171 AD2d 1023).

Considering the income disparity of the parties, the fact that respondent also pays the children's music camp tuition ($2,900 a year), the large amount of time the children spend with him in the summer, and the fact that he still pays the greater part of Ethan's tuition expenditures (at least $12,000) although he is not obligated to do so, we find his support burden onerous and his "pro-rata share of the basic child support obligation * * * unjust or inappropriate" (Family Ct Act § 413 [1] [f]; see, Family Ct Act § 413 [1] [f] [7], [8], [10]; see also, Wacholder v Wacholder, 188 AD2d 130, 134).

The Hearing Examiner partially justified her determination to strictly adhere to the CSSA guidelines based upon the fact that she did not order respondent to pay support on the combined parental income exceeding $80,000 because respondent was paying additional amounts for Ethan's tuition and for the summer music camp. However, "[t]he blind application of the statutory formula * * * without any express findings of the children's actual needs constitutes an abdication of judicial responsibility * * * and renders meaningless the statutory provision setting a cap on strict application of the formula" (Chasin v Chasin, 182 AD2d 862, 863 [citations omitted]). Here, the Hearing Examiner failed to make the required findings concerning the children's actual needs.

Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.