■ In the Matter of VEHANOUSH PANOSSIAN, Respondent, v MGERDITCH PANOSSIAN, Appellant. [607 NYS2d 840] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Richmond County Family Court for further proceedings in accordance with the following Memorandum: We agree with Family Court that the provisions of the Child Support Standards Act (CSSA) apply to this proceeding. The CSSA, which is codified in Domestic Relations Law § 240 (1-b) and Family Court Act § 413 (1) (f), represents important public policy that should be applied to all cases pending as of September 15, 1989, the effective date of the act *(see, Urtis v Urtis,* 181 AD2d 1001, 1002; *Meyer v Meyer,* 173 AD2d 1021, 1022; *Cleary v Cleary,* 171 AD2d 1076, 1077; *Gelb v Brown,* 163 AD2d 189, 191).

Family Court erred, however, when, without elaboration, it applied the statutory precentage to the parties' combined gross annual income, including that which exceeded $80,000. The blind application of the statutory formula to the parties' combined aggregate income over $80,000, without any express findings or record evidence of the children's actual needs, constitutes an abdication of judicial responsibility and renders meaningless the statutory provision setting a cap on strict application of the formula *(see, Matter of Holmes v Holmes,* 184 AD2d 185, 188; *Chasin v Chasin,* 182 AD2d 862, 863; *Harmon v Harmon,* 173 AD2d 98, 111; *Reiss v Reiss,* 170 AD2d 589, 590-591, *lv dismissed* 78 NY2d 908).

The court is required to order the noncustodial parent to pay his or her pro rata share of the basic child support obligation, unless the court determines that such share is unjust or inappropriate based upon a consideration of the 10 factors listed in Family Court Act § 413 (1) (f) *(see, Matter of Holmes v Holmes, supra,* at 187; *Meyer v Meyer, supra,* at 1022-1023). When the combined parental income exceeds $80,000, the court may determine the amount of child support with respect to the amount of income in excess of $80,000, either through application of the child support percentages or consideration of the factors listed in Family Court Act § 413 (1) (f) (Family Ct Act § 413 [1] [c] [3]; *see, Matter of Holmes v Holmes, supra; Harmon v Harmon, supra,* at 110).

Contrary to respondent husband's arguments, we conclude that Family Court's support order was properly made retroactive to December 29, 1982, the date of the original application, with appropriate credits for payments already made by respondent *(see, Urtis v Urtis, supra,* at 1003; *Gelb v Brown, supra,* at 192; *Berge v Berge,* 159 AD2d 960, 961; Domestic Relations Law § 236 [B] [7] [a]). The retroactive feature may reflect the court's response to any inadequacy of the pendente lite awards *(see, Nolfo v Nolfo,* 188 AD2d 451, 453; *Harmon v Harmon, supra,* at 109). Although the record provides us with the respective financial circumstances of the parties, it does not provide us with a basis for determining the children's actual support needs. Thus, the record is not adequate for this Court to determine support.

We modify the order, therefore, by setting aside the award of child support and support arrearage, and remit this matter to Family Court for a new determination on the appropriate amount of child support and support arrears in accordance with the CSSA and to calculate the obligations of the parties in accordance therewith *(see, Matter of Holmes v Holmes, supra,* at 188; *Harmon v Harmon, supra,* at 111). (Appeal from Order of Richmond County Family Court, Cognetta, Jr., J.—Child Support.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.