■ In the Matter of EVELYN ROCHLER, Respondent, v ROBERT ROCHLER, Appellant. [626 NYS2d 312] —Cardona, P. J. Appeals from an order and amended order of the Family Court of Albany County (Maney, J.), entered December 28, 1993 and January 14, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties obtained a judgment of divorce in Columbia County on November 26, 1985 which incorporated, without merger, their separation agreement dated January 30, 1984. The agreement provided that respondent pay $120 per week for the support of the parties' three children. By petition dated June 22, 1992, petitioner applied to Family Court for an upward modification. Following a hearing before the Hearing Examiner and the filing of objections by respondent, Family Court found that petitioner had demonstrated a change of circumstances and that her income together with the child support she received were insufficient to meet the children's needs (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of DeAngelo v Doherty, 208 AD2d 1012). The court determined that a modification was warranted and, by application of the Child Support Standards Act (hereinafter CSSA) (Family Ct Act § 413), increased respondent's child support obligation for the two children remaining in petitioner's custody to $385.80 biweekly. Respondent appeals.

Family Court calculated the parties' basic child support obligation as $13,027.35 annually and the actual total needs of the children to be $11,287.44. Because of this disparity, in the total amount of $1,739.91 annually, respondent argues, to the exclusion of any other factor, that the amount of support awarded is "unjust or inappropriate" (see, Family Ct Act § 413 [1] [f]). We disagree.

The CSSA mandates application of the statutory formula to the combined parental income under $80,000 to determine the basic child support obligation and the court is required to order the noncustodial parent to pay his or her pro rata share thereof unless the court determines that such share is unjust or inappropriate based upon a consideration of the 10 statutory factors (see, Family Ct Act § 413 [1] [f]; Matter of Holmes v Holmes, 184 AD2d 185, 187; Harmon v Harmon, 173 AD2d 98, 110).

Initially, we note that this is not a case involving combined parental income in excess of $80,000, where courts have greater discretion to determine the amount of child support in

reference to the amount of income in excess of $80,000 "either through application of the child support percentages *or* consideration of the factors listed in Family Court Act § 413 (1) (f)" *(Matter of Holmes v Holmes, supra,* at 187 [emphasis supplied]; *see,* Family Ct Act § 413 [1] [c] [3]; *Harmon v Harmon, supra,* at 110). However, we have held that it is an improvident exercise of discretion to apply the statutory formula to parental income in excess of the $80,000 cap when doing so results in an award that exceeds the children's actual total needs *(see, e.g., Matter of Sorrentino v Sorrentino,* 203 AD2d 829).

In cases *under* $80,000, it will be rare when the basic child support obligation calculated by a court exceeds the child's or children's actual needs. Nevertheless, in the event that this happens, as here, we agree with respondent that a court may examine the disparity to determine whether the noncustodial parent's pro rata share is unjust or inappropriate. In other words, a finding that the children's actual needs are less than the parties' basic support obligation may be a relevant factor to be considered under the catch-all provision of Family Court Act § 413 (1) (f) (10), along with the other statutory factors, in determining whether the noncustodial parent's pro rata share is unjust or inappropriate *(cf., Koczaja v Koczaja,* 195 AD2d 693, 695, *lv denied* 83 NY2d 756).

However, based upon our review of the record before us and taking into consideration the amount of the disparity, we do not find that Family Court abused its discretion in not deviating from the amount as calculated pursuant to the statutory formula.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order and amended order are affirmed, without costs.