■ In the Matter of DIANE M. HOLMES, Appellant, v GREGORY M. HOLMES, Respondent. [655 NYS2d 454] —Crew III, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered November 27, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for support of the parties' children.

When this matter was first before us, a majority of this Court found that the parties had implicitly created a joint custody situation, wherein petitioner had physical custody of the parties' two children approximately 60% of the time and respondent had physical custody of the children approximately 40% of the time (184 AD2d 185). In light of that finding, the majority classified the parties as " 'simultaneously custodial and noncustodial parents' " (id., at 187, quoting Matter of Kerr v Bell, 178 AD2d 1, 3) and turned its attention to the applicability of the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA) to joint custody situations. After the majority declined to hold that the CSSA had no application to the joint custody arrangement created by the parties, the matter was remitted to Family Court for a new determination as to child support (184 AD2d 185, supra).

Upon remittal, however, Family Court failed to, inter alia, follow the statutory guidelines set forth in the CSSA in calculating the parties' child support obligations. Upon appeal, this Court again remitted the matter "for a detailed explanation of the methodology employed in computing the parties' support obligation and, further, a reasoned elaboration as to [Family Court's] treatment of the parties' combined parental income in excess of $80,000, taking care to make the appropriate findings and, if necessary, adducing further proof" (210 AD2d 839, 840-841). Ultimately, Family Court adopted the Hearing Examiner's determination as to child support and the reasoning therefor and awarded petitioner child support in the amount of $65.75 per week. This appeal by petitioner followed.

We affirm. On appeal, petitioner once again questions the applicability of the CSSA to joint custody situations and contends, without elaboration, that Family Court's award does not represent a reasoned determination as to child support. As to the applicability of the CSSA to the joint custody situation created by the parties, that issue was resolved upon the first

appeal in this matter (184 AD2d 185, *supra*). With respect to the amount of support actually awarded, the Hearing Examiner began by calculating the parties' combined parental income (*see*, Family Ct Act § 413 [1] [b] [4], [5]; [c] [1]) and computing petitioner and respondent's proportional shares thereof (*see*, Family Ct Act § 413 [1] [c] [2]). After applying the appropriate child support percentage (*see*, Family Ct Act § 413 [1] [b] [3] [ii]), the Hearing Examiner arrived at the parties' respective support obligations for the first $80,000 of income. The Hearing Examiner then multiplied the parties' respective support responsibilities by 40% and 60% (representing the percentage of time that each party is, respectively, the noncustodial parent) (184 AD2d 185, *supra*) and "netted out" those amounts to arrive at the amount of support to be paid by respondent to petitioner. As to the combined parental income in excess of $80,000, the Hearing Examiner, after due consideration of the relevant factors (*see*, Family Ct Act § 413 [1] [c] [3]; *Matter of Cassano v Cassano*, 85 NY2d 649, 655), found no reason to deviate from the CSSA and, hence, followed the same methodology in computing the parties' respective obligations for their remaining income. Thus, after adding the two "net" figures, the Hearing Examiner arrived at a total support obligation of $65.75 payable weekly by respondent to petitioner.

As our review of the record discloses that the Hearing Examiner followed the statutory guidelines and this Court's prior directives regarding the computation of the child support obligation at issue here, and absent any proof that the amount of support awarded was inadequate to meet the children's needs, we perceive no basis upon which to disturb Family Court's decision in this regard. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.