[663 NYS2d 434]

In the Matter of JOYLYNN SIMMONS, Respondent, v MATTHEW HYLAND, Appellant.

Third Department, October 30, 1997

68

---

APPEARANCES OF COUNSEL

*Shartrand & Shartrand,* Latham *(Jo Ann Shartrand* of counsel), for appellant.

*Wein, Young, Fenton & Kelsey,* Guilderland *(Lisa E. Melamed* of counsel), for respondent.

### OPINION OF THE COURT

MERCURE, J.

The parties are the parents of a daughter born in August 1991. In July 1995, Family Court entered an order granting the parties joint legal custody and providing that respondent have "custodial time" with the child at all times other than specified periods when petitioner was to have "custodial time" with her, essentially consisting of three extended weekends (Thursday afternoon to Sunday afternoon) per month, two weekdays in the "off" week and a full week during the months of July and August of each year. It appears that during 1995 this custodial arrangement had the child with respondent 69% of the time and with petitioner 31% of the time.

In August 1995, petitioner filed a support petition in Family Court and respondent thereafter cross-petitioned for the same relief. Following a January 16, 1996 hearing, the Hearing Examiner determined that the parties' custodial arrangement created a "split custody situation" and made a net support award under the Child Support Standards Act (Family Ct Act § 413 [hereinafter CSSA]) in the manner prescribed by this Court in *Matter of Holmes v Holmes* (184 AD2d 185), which required respondent to pay $34 per week to or on behalf of petitioner. In so doing, the Hearing Examiner took into account the substantial disparity in the parties' incomes ($8,164 for petitioner and $29,600 for respondent) and the fact that petitioner was close to the poverty level, and therefore required

respondent to bear the full cost of health insurance and uncovered medical expenses and substantially all of the child care costs incurred by both parties. Following Family Court's rejection of respondent's timely objections, respondent appealed to this Court, primarily contending that as "de facto custodian" he should not be required to pay child support to petitioner. We agree and, accordingly, reverse Family Court's order.

In *Matter of Holmes v Holmes (supra)*, a bare majority of this Court decided to extend the "split custody" analysis of *Matter of Kerr v Bell* (178 AD2d 1 [where four children resided with one parent and a fifth resided with the other]; *see, Riseley v Riseley,* 208 AD2d 132) to a "time-sharing" custody arrangement where one parent has custody of the child or children for part of the time and the other parent has custody of the same child or children for part of the time. In that case, there was no great disparity in the parties' respective incomes ($42,847 and $53,300) or custodial time (60% to 40%) (*see, Matter of Holmes v Holmes, supra,* at 186-187) and application of the CSSA resulted in a net support award in favor of the parent who had custody for the greater part of the time, albeit in a lesser amount than if she had been treated as the custodial parent (*Matter of Holmes v Holmes,* 237 AD2d 699, *lv denied* 90 NY2d 802).

Nonetheless, concluding that the CSSA did not contemplate that type of shared custody, where the parties are never simultaneously custodial and noncustodial parents (*compare, Matter of Kerr v Bell, supra*), the two-Judge minority warned that "the practical difficulties inherent in having the obligation to pay child support, imposed by the [CSSA] on the noncustodial parent, exchange back and forth between the parties depending upon which of them has physical custody of the children would make application of the statute more than unwieldy" (*Matter of Holmes v Holmes,* 184 AD2d 185, 189, *supra* [Casey, J., concurring in part and dissenting in part]). In contrast to the majority's approach, the partial dissenters were of the view that the parent with custody the greater part of the time should be considered the custodial parent and that the period when the other parent has physical custody of the children should be considered "extended visitation", justifying a deviation from the statutory support formula pursuant to Family Court Act § 413 (1) (f) (9) (ii) if it was shown that the custodial parent's expenses are substantially reduced as a result (*Matter of Holmes v Holmes, supra,* at 189-190).

Taking no position on the propriety of applying the split custody methodology in *Matter of Holmes v Holmes (supra)*, we believe that the same approach is in any event unwarranted in this case. First, favoring substance over form, we are not unduly swayed by the semantics employed in the Family Court custody order based on the parties' stipulation. The parties' choice to apply the label "custodial time" does not alter the essential terms of the order, which we view as embodying a grant of primary physical custody to respondent, subject only to an award of liberal structured visitation to petitioner. Second, we seriously question the wisdom of applying the split custody formula in a case such as this where the parties' incomes and the division of "custody" are so disparate as to bring about an award of child support in favor of the parent enjoying custody for the far smaller time period. Third, except for a $10 child care expense incurred when petitioner works during her time with the child ($7.80 of which is reimbursed by respondent), the record is devoid of evidence concerning the actual expenses petitioner incurs in connection with her visitation or the concomitant diminution in respondent's expenses, if any (*see,* Family Ct Act § 413 [1] [f] [9] [ii]; *Riseley v Riseley, supra,* at 135). Under the circumstances, we cannot discount respondent's claim that a portion of his child support payments are being used by petitioner as supplementary income.

It is our view that this case has brought the concerns of the partial dissenters in *Matter of Holmes v Holmes* (184 AD2d 185, *supra*) to full realization. Not only is the split custody approach unwieldy in a time-share case, it also has the potential for encouraging a parent to keep a stop watch on visitation in order to increase his or her split custody proportion, thereby providing a basis for annual (if not more frequent) applications for modification of the child support award. Although we have no occasion to overrule *Matter of Holmes v Holmes (supra),* we are unwilling to extend its reach beyond cases presenting sharply similar facts. We therefore conclude that consistent with the CSSA guidelines, as the de facto custodial parent, respondent may not be compelled to pay child support to petitioner (*see,* Family Ct Act § 413 [1] [f]; Besharov and Lichtiger, 1993 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 413, 1997 Pocket Part, at 20-21).

Because we are unpersuaded by respondent's contention that Family Court erred in refusing to impute additional income to petitioner, we conclude that Family Court correctly established

petitioner's child support obligation at the minimum level of $25 per month established by Family Court Act § 413 (1) (g) (*but see, Matter of Rose v Moody*, 83 NY2d 65, *cert denied sub nom. Attorney General of N. Y. v Moody*, 511 US 1084). Notably, the application of one or more of the factors set forth in Family Court Act § 413 (1) (f) (1) through (9) will not permit a lower award (*see*, Family Ct Act § 413 [1] [g]). In any event, ordinary expenses incurred during extended visitation, such as food, housing and clothing, do not qualify for treatment as an extraordinary expense under Family Court Act § 413 (1) (f) (9) (ii) (*see, Matter of Pandozy v Gaudette*, 192 AD2d 779, 780).

Based upon the foregoing, we conclude that petitioner's petition for support should have been denied and respondent's cross petition should have been granted to the extent of ordering petitioner to pay child support in the amount of $25 per month. Our order shall so provide. Because so much of our order as eliminates respondent's support obligation is analogous to a downward modification of the outstanding support order, respondent shall not be permitted to recoup sums he has paid to petitioner under the order appealed herein (*see*, Domestic Relations Law § 236 [B] [7] [a]; *see also*, 2 Newman, New York Appellate Practice § 17.03 [1]; § 17.10 [2]). The order compelling petitioner to pay support shall be retroactive to November 20, 1995, the date of respondent's cross petition for support (Family Ct Act § 449 [2]). To the extent that petitioner's income continues to be less than or equal to the poverty income guidelines amount for a single person as reported by the Department of Health and Human Services, her unpaid child support arrears shall not exceed $500 (Family Ct Act § 413 [1] [g]).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur.

Ordered that the order is reversed, on the law, without costs, petition denied and cross petition granted to the extent that petitioner is ordered to pay respondent child support in the amount of $25 per month, effective November 20, 1995.