■ In the Matter of SANDRA E. BURKE, Appellant, v PATRICK B. BURKE, Respondent. [667 NYS2d 102] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered January 9, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an order of child support.

Petitioner and respondent are the biological parents of a daughter born in 1990. The parties separated in 1994 and entered into a stipulation before Family Court in May 1996 providing for joint custody of the child. Insofar as is relevant to this appeal, the stipulation provided that respondent would have the child alternating weekends and every Wednesday from the time the child left school until her return there the following morning. Holidays and corresponding school breaks were evenly split, with respondent receiving the child for two weeks during the summer, in addition to dropping her off at school three or four days per week.

A temporary order of support was entered in July 1996 and a fact-finding hearing was scheduled for October 1996. At the conclusion of the hearing that followed, at which petitioner and respondent testified as to their respective financial status and time spent with the minor child, the Hearing Examiner concluded that respondent had custody of the minor child 40% of the time and, relying upon this Court's prior decision in *Matter of Holmes v Holmes* (184 AD2d 185), essentially deemed both parties to be simultaneously custodial and noncustodial parents and "netted out" the parties' respective support obligations to determine the amount of support to be paid by respondent to petitioner (*see, Matter of Holmes v Holmes*, 237 AD2d 699, 700, *lv denied* 90 NY2d 802). Petitioner thereafter filed objections to the Hearing Examiner's decision contending, *inter alia*, that the Hearing Examiner incorrectly calculated the amount of time the child actually spends with respondent. Family Court subsequently affirmed the Hearing Examiner's decision and this appeal by petitioner ensued.

As a starting point, we agree with petitioner that respondent's "custodial time" with the minor child was incorrectly computed and that she is the de facto custodial parent. The

record, at best, demonstrates that respondent has physical custody of the child between 32% and 35% of the time.[1] Although the joint custody situation found in *Matter of Holmes v Holmes* (184 AD2d 185, *supra*) was not solely dependent upon the respondent reaching a magical "custodial time" threshold of 40%, the matter before us simply does not fall within the reach of *Holmes*. Indeed, with respect to the issue of custodial time or possession, this matter more closely approximates this Court's recent decision in *Matter of Simmons v Hyland* (235 AD2d 67), wherein this Court declined to find a joint custody situation where the petitioner had possession of the minor child 31% of the time and the respondent had possession 69% of the time. Accordingly, we conclude that Family Court improperly deviated from the Child Support Standards Act (Family Ct Act § 413) in calculating respondent's support obligation.[2]

As to the issue of the parties' respective obligations for the child's unreimbursed health care expenses, respondent concedes that he is responsible for paying such expenses in the same proportion as his income is to the combined parental income. Although the Hearing Examiner's decision, read literally, requires petitioner to bear 100% of such costs, it appears that this was the result of a typographical error.

Turning to the issue of child care expenses, the Hearing Examiner directed that "neither party may claim reimbursement for child care expense under this [o]rder for any care provided over the reasonable objection of the other party or when the other party or a suitable relative [is] willing and reasonably available to provide such care". Although respondent again concedes that he is required to pay his proportional share of this expense, he finds no error in the Hearing Examiner's decision to essentially make one party the arbiter of what constitutes reasonable child care expenses when the child is in the

---

**1.** As noted previously, respondent has the child two weekends per month or 48 days, plus an additional 8 days for the four extra weekends per year (respondent was to have possession of the child on the first, third and fifth weekend of each month), plus 52 Wednesday evenings, plus 10 days for summer vacation (14 days minus two Wednesday evenings and one weekend), for a total of 118 days, which results in respondent having possession of the child 32% of the time. Even adding in the 7 hours that respondent gains during each 14-day cycle (representing time spent with the child on the days that he takes her to school), this at best gains respondent a credit for an additional "overnight" each month for a total of 130 days per year, which gives respondent possession of the child approximately 35% of the time.

**2.** In this regard, the record does not demonstrate that respondent incurred any extraordinary expenses associated with the child's extended visitations with him (*see*, Family Ct Act § 413 [1] [f] [9] [ii]).

possession of the other. Petitioner, on the other hand, contends that the Hearing Examiner was without authority to make reimbursement for child care expenses contingent upon the unavailability of a presumably "free" caregiver and notes that such an arrangement potentially lends a certain measure of instability to the child's before and after school care. In our view, petitioner's argument has merit.

Although a plain reading of Family Court Act § 413 (1) (c) (4) reveals that the Family Court indeed is vested with the authority to "determine reasonable child care expenses", this simply is not a task that may be prospectively delegated to the parties. In the event that respondent believes that petitioner is incurring unreasonable child care expenses, his remedy is to commence a proceeding to modify his obligations in this regard (cf., Matter of Bruder v Aggen, 244 AD2d 797).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) deemed petitioner and respondent to be simultaneously custodial and noncustodial parents, (2) ordered that respondent pay child support in the amount of $119 per month, (3) ordered that petitioner bear 100% of the minor child's unreimbursed health care expenses and child care expenses, and (4) ordered that "neither party may claim reimbursement for child care expenses under [such order] for any care provided over the reasonable objection of the other party or when the other party or a suitable relative [is] willing and reasonably available to provide such care"; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.