OPINION OF THE COURT
Marianne O. Mizel, J.
Emanuel Keane filed a petition against Elizabeth Boone regarding the order of support for the parties’ children, Daniel Keane and Hannah Keane. The petition alleged that a change in circumstances had occurred in that custody of Daniel was now with his father where formerly both children had resided with their mother. Hannah still remained with her mother. *61 The Hearing Examiner issued a decision determining that Baraby v Baraby (250 AD2d 201 [3d Dept 1998]) applied and calculated Daniel’s support utilizing Ms. Boone’s income, which is higher than Mr. Keane’s, and did not calculate a support amount for Hannah.
Mr. Keane objects that the Baraby approach utilized by the Hearing Examiner is inappropriate to a split custody arrangement. Baraby was decided in a situation where each parent exercised equal custodial time with the children, i.e., shared custody. In the instant case, each parent has custody of one child, i.e., split custody. Baraby declared that the court should determine which parent has the greater adjusted gross income for child support purposes, denominate that person the noncustodial parent, and compute support accordingly. Baraby declared that this methodology fulfilled the primary purpose of the Child Support Standards Act (Family Ct Act § 413; Domestic Relations Law § 240 [CSSA]) in that it ensured that the children “w[ould] realize the maximum benefit of their parents’ resources and continue, as near as possible, their preseparation standard of living in each household” (at 204). Baraby in essence determined which parent would be the financial clearinghouse for the expenses related to the children. Although some expenses were necessarily equally duplicated (such as the cost of maintaining suitable shelter) or equally divided (such as the cost of food) in each household, one parent needed to be designated to be responsible for the unique expenses. It enures to the benefit of the children to have the moneyed parent paying the nonmoneyed parent in a 50% situation the full amount which would have been ordered as child support under the requirements of Bast v Rossoff (91 NY2d 723 [1998]) if the children were primarily in the custody of the nonmoneyed parent 51% of the time, unless that produced a result which was unjust or inappropriate.
In this case, each parent is both a custodial parent and a noncustodial parent. Each provides the day-to-day parenting of one child and visits with the other child. Bast v Rossoff explicitly rejected the proportional offset method in shared custody situations. However, split custody is different from shared custody and it is appropriate to utilize a net offset when two parents’ children are split between households. The Child Support Standards Act presupposes that each parent, the custodial and the noncustodial, will spend the same percentage of their income on child support. (Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995].) In the situation of a single child, the *62 custodial parent will spend 17% of the custodial parent’s income to support the child in that parent’s custody and the noncustodial parent will also spend 17% of the noncustodial parent’s income for the support of that child by payment to the custodial parent as the financial clearinghouse. Where a parent already is under court order to support a noncustodial child, support for a second noncustodial child in a different household before the court is computed by deducting the amount paid pursuant to court order for the first child before computing the amount which the noncustodial parent must pay for the second child (Family Ct Act § 413 [1] [b] [5] [vii] CD]).
Here, Mr. Keane asked that the Court compute the support for both his custodial child, Daniel, and for his noncustodial child, Hannah. The Hearing Examiner issued an order which directs that the amount paid by Ms. Boone is paid for the support of Daniel and ignores the issue of Hannah’s support. In reality, the issue of support for each child has reached the Court in a tie race. Strict application of Baraby in such a situation and allocating support as if there were only one child of the parties entitled to support ignores the reality that there are two children for which each parent is equally responsible.
The Child Support Standards Act recognizes the existence of other children in two situations. First, the CSSA allows deduction from income for support actually paid pursuant to court order or written agreement “on behalf of any child for whom the parent has a legal duty of support and who is not subject to the instant action” (Family Ct Act § 413 [1] [b] [5] [vii] [D]). This clause presupposes that the child whose support is being paid under section 413 (1) (b) (5) (vii) (D) is a noncustodial child of only one of the parents whose support obligation is presently being determined. Mr. Keane has a legal obligation to support Daniel and Hannah and Ms. Boone has a legal obligation to support Hannah and Daniel, but Daniel and Hannah are not children “who [are] not subject to the instant action”: they are the children subject to the instant action. Facially, this provision would seem inapplicable to the present case.
The second situation in which the court can consider the support of another child is in Family Court Act § 413 (1) (f) (8), under which the court may consider whether to deviate from the amount produced by strict application of the formula if the result is unjust or inappropriate, considering
“(8) [t]he needs of the children of the non-custodial *63 parent for whom the non-custodial parent is providing support who are not subject to the instant action and whose support has not been deducted * * * pursuant to [Family Court Act § 413 (1) (b) (5) (vii) (D)], and the financial resources of any person obligated to support such children, provided, however, that this factor may apply only if the resources available to support such children are less than the resources available to support the children who are subject to the instant action.”
This clause presupposes that the child whose support is being considered under section 413 (1) (f) (8) is the custodial child of only one of the parents whose support obligation is presently being determined. Again, Hannah and Daniel are not children “who [are] not subject to the instant action”: they are the children subject to the instant action. Also, the resources available to support “the children of the non-custodial parent for whom the non-custodial parent is providing support” are not less or more than “the resources available to support the children who are subject to the instant action”: the resources available, the total parental income, is exactly the same because the court is dealing with the same parents. The total resources available to support Daniel is $73,032, the total of the adjusted gross income of each parent. Likewise, the total resources available to support Hannah is also $73,032. Facially, this provision would also seem inapplicable to the present case.
However, these two provisions indicate an intent that support of other children, both other noncustodial children and other custodial children, be taken into consideration when determining an order of child support. If one of the children were treated as if he or she were not a child who is “subject to the instant action,” one of the barriers to application of each of these clauses would be eliminated. The Hearing Examiner eliminated consideration of Hannah entirely and computed the order as if only Daniel existed because that was the scenario in which Ms. Boone, the parent with the higher income, was the noncustodial parent and, under Baraby, resulted in the greater redistribution and closer equalization of parental income for support purposes. This does a disservice to the recognition of Mr. Keane’s obligation to support Hannah, because the resultant order is the same[2] as if there were no second child, which there is. The court must then fashion an equitable method of *64 issuing a simultaneous support order governing both children. The way to take the parent’s concurrent obligations as both a custodial parent and a noncustodial parent into consideration would be to compute each parent’s support obligation separately for the custodial and the noncustodial children. It is inherently unfair to designate one child the “primary” child and compute support first for that child and then, when the income pool for both parents has been reduced by the amount of the support order for the “primary” child, compute the support for the “secondary child.” Support should be calculated simultaneously for both children.
This raises the question: is the support obligation for each parent’s custodial child computed first and then that parent’s obligation for the noncustodial child, or is support calculated first for the noncustodial and then the custodial child?[3] The practical difference is that if the court first calculates each parent’s support obligation towards that parent’s custodial child and deducts that amount from the parent’s income before calculating the obligation towards the noncustodial child, that parent’s support for the noncustodial child is computed on a smaller total parental income. Since Baraby declared that the Court of Appeals in Bast v Rossoff emphasized the intent to “realize the maximum benefit of their parents’ resources and continue, as near as possible, their preseparation standard of living in each household” (Baraby, at 204), the approach which provides the greater allocation for child support purposes is preferred. The method which provides the greater allocation for child support is to calculate each parent’s support for that parent’s noncustodial child first and then for that parent’s custodial child. Accordingly, the Court deems it appropriate to *65 consider the total support by computing the appropriate support for each child as if the court order for each noncustodial child predated the order for each custodial child and compute support on that basis.
The parties agreed that Mr. Keane’s adjusted gross income for child support purposes is $19,488 and that Ms. Boone’s adjusted gross income for child support purposes is $53,544. Under the Child Support Standards Act, Mr. Keane’s obligation to support Hannah, the child not in his custody, is $3,312.96 ($19,488 X 17% = $3,312.96 annually)[4] and Ms. Boone’s obligation for Daniel’s support is $9,102.48 ($53,544 X 17% = $9,102.48). Deducting the support he paid for Hannah, Mr. Keane’s adjusted gross income for child support purposes for computing his obligation to support Daniel is $16,175.04 ($19,488 — $3,312.96 = $16,175.04) and his obligation towards him is $2,749.76 annually ($16,175.04 X 17% = $2,749.76) or $52.88 per week. Deducting the support she paid for Daniel, Ms. Boone’s adjusted gross income for child support purposes for computing her obligation to support Hannah is $44,441.52 ($53,544 — $9,102.48 = $44,441.52) and her obligation towards her is $7,555.06 annually ($44,441.52 X 17% = $7,555.06) or $145.29 per week. Netting the noncustodial obligations together, Ms. Boone is required to pay Mr. Keane $5,789.52 annually ($9,102.48 - $3,312.96 = $5,789.52) or $111.34 per week on a combined order. This is not the now-discredited (Bast v Rossoff, 91 NY2d 723, 730-732 [1998]; Matter of Simmons v Hyland, 235 AD2d 67 [3d Dept 1997] )[5] proportionate offset method of calculating child support in shared custody cases, because it is not based upon the amount of time one *66 child spends with each parent but is a netting out of separate obligations flowing between the parents. The proportionate offset method had focused on the amount of time the child or group of children as a group is spending with each parent and was criticized by the Court of Appeals and the Third Department as “encouraging a parent to keep a stop watch on visitation.” (Bast v Rossoff, at 732, quoting Simmons v Hyland, 235 AD2d 67, 70 [3d Dept 1997].) Here, each parent is primarily responsible for a different child.
The combined parental support allocated for Daniel is $11,852.24 ($2,749.76 from Mr. Keane as custodial parent + $9,102.48 from Ms. Boone as noncustodial parent = $11,852.24). The combined parental support for Hannah is $10,868.02 ($3,312.96 from Mr. Keane as noncustodial parent + $7,555.06 from Ms. Boone as custodial parent = $10,868.02). “Certainly, an effort must be made * * * to treat the siblings equally and not to enter an order in favor of one sibling which would cause undue hardship to another sibling.” (Matter of Commissioner of Social Servs. v Rush, 152 Misc 2d 823, 829 [Fam Ct, NY County 1991].) The difference in allocated support is minimal but acceptable considering that the child with the lower designated support amount is residing with the parent with the higher income and will generally benefit from the greater resources available within that household.
Based on the foregoing calculations, this Court orders that Ms. Boone’s obligation to support Daniel is the payment of $9,102.48 per year and Mr. Keane’s obligation to support Hannah is $3,312.96 per year, which after offsetting the concurrent obligations results in a net payment of $111.34 per week from Ms. Boone to Mr. Keane in an order for the support of Daniel and Hannah, which order is not unjust or inappropriate. The other terms of the Hearing Examiner’s decision and order remain unchanged.
[Portions of opinion omitted for purposes of publication.]

. The Hearing Examiner ordered as Daniel’s support an amount ($144 per week) less than that produced by the application of the CSSA formula *64 ($174.29 per week) because the lower amount was what Mr. Keane’s attorney demanded for support and “(h]e has submitted insufficient evidence of need for an amount in excess of that demanded.” While this may have been a roundabout way of acknowledging a reduction to compensate for the support of Hannah, it was not so stated in the Hearing Examiner’s decision. Reduction of the presumptively correct amount produced by application of the CSSA formula solely because it exceeds the child’s “needs” is no longer appropriate (Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]), especially when the total parental income is less than $80,000 (see, Matter of Rochler v Rochler, 215 AD2d 831 [3d Dept 1995]), unless the court determines that the allocation of the parents’ support obligation is unjust or inappropriate. When the total parental income exceeds $80,000, the court must consider the needs of the children against the support award calculated utilizing the formula. (Matter of Gluckman v Qua, 253 AD2d 267 [3d Dept 1999].)

. Determining support first for the noncustodial child is the approach directed in Riseley v Riseley (208 AD2d 132, 135 [3d Dept 1995]).

. Under the relevant mathematical principles, this method produces the same result as determining the total parental adjusted income for child support purposes, multiplying by the appropriate percentage to establish the total parental support obligation and then fixing each parent’s proportionate share.

. Although the decision in Simmons v Hyland refers to the situation before that Court as “split custody,” it was actually a situation of shared custody, where the parents divided the custodial time of one child and not a case where the primary custody of several children had been divided between the parents, as in Matter of Kerr v Bell (178 AD2d 1 [3d Dept 1992]), where the mother had custody of one child and the father had custody of four. However, Kerr v Bell, while determining that the method utilized by the Hearing Examiner and adopted by the Family Court was suspect (at 5), did not direct what the correct method would be. The case was remanded for receipt of further proof and explanation of how the amounts chosen were derived. The Third Department decision in Matter of Borowicz v Mancini (256 AD2d 713 [1998]) mistakenly groups Kerr v Bell in with shared custody “proportional offset” cases such as Matter of Holmes v Holmes (184 AD2d 185 *66 [3d Dept 1992]) when in actuality it was a split custody case and was not overruled by Bast v Rossoff.