■ In the Matter of SANDRA E. BURKE, Appellant, v PATRICK B. BURKE, Respondent. [731 NYS2d 406] —Crew III, J. P. Appeal

from an order of the Family Court (Barrett, J.), entered June 20, 2000 in Tompkins County, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of support.

Pursuant to a stipulation and order entered in May 1996, petitioner and respondent agreed to share joint custody of their daughter (born in 1990). A subsequent proceeding ensued (see, Matter of Burke v Burke, 245 AD2d 1007) and, ultimately, respondent was directed to pay child support in the amount of $52.50 per week. Thereafter, in September 1999, petitioner commenced the instant proceeding seeking an upward modification in respondent's child support obligation. The parties subsequently modified their prior stipulation as to custody, making relatively minor changes to respondent's visitation schedule, and, at the conclusion of the support hearing that followed, the Hearing Examiner directed that respondent pay child support semimonthly in the amount of $133.94. Family Court denied petitioner's objections and affirmed the Hearing Examiner's decision, prompting this appeal.

We affirm. Respondent does not appear to contest now, nor did he at the underlying hearing, that petitioner is entitled to increased child support for the parties' daughter. Rather, the dispute centers upon the precise amount of support to be awarded. Specifically, petitioner is of the view that the Hearing Examiner and Family Court erred in deviating from the amount of support presumptively due under the Child Support Standards Act (see, Family Ct Act § 413). We cannot agree. Contrary to petitioner's assertion, the Hearing Examiner sufficiently articulated the rationale for deviating from the amount otherwise due under the Child Support Standards Act and his findings in this regard have a sound and substantial basis in the record. In short, given the record before us, petitioner has received all the support to which she is entitled.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.