■ In the Matter of Lois P. CARY, Respondent, v RUSSELL L. CARY, Appellant.—Harvey, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered June 15, 1988, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay for support of his children.

The parties to this support proceeding are divorced and have joint custody of the three daughters born to the marriage. While the record shows that all the children once lived principally with respondent, the latest modification of the joint custody decree ordered the two youngest children to reside with petitioner from Sundays at 9:00 P.M. until Fridays at 4:00 P.M. and then spend the weekends with respondent. As time went on, however, the two youngest daughters, then in their teens, expressed their wish to spend most of their time at petitioner's house and visit respondent less on weekends due to their normal social activities. While the original order granting the parties joint custody did not provide for the payment of child support by either party, petitioner brought this proceeding because the children were spending more and more time at her house and she needed an extra $30 per week to adequately provide for their needs. Respondent cross-petitioned Family Court for basically the same relief, arguing that petitioner never paid her fair share of the childrearing expenses in the past. Following a hearing, Family Court ordered, *inter alia,* that respondent pay $30 per week to petitioner and that petitioner would be entitled to declare the two youngest children as dependents on her tax returns even though respondent had always claimed them as such in the past. Respondent now appeals.

In our view, the record supports Family Court's determination and should be affirmed *(see, Matter of Halstead v Halstead,* 97 AD2d 588). Contrary to respondent's assertions, we find that Family Court adequately balanced the needs of petitioner and the children, and petitioner's ability to contribute to the support of herself and the children, with respondent's current ability to pay *(see, Muscarella v Muscarella,* 93 AD2d 993, 994). While respondent consistently provided for

his children over the years and made many financial sacrifices on their behalf, Family Court properly focused on the current needs of the children rather than dwelling on past contributions. In addition, we find nothing improper in the court's determination that petitioner could claim the two children as dependents on her income tax returns since the two children live principally with her. Finally, we find inadequate support in the record for respondent's contention that the payment by him of $30 per week to petitioner would jeopardize his eldest daughter's financial aid for college as well as any such aid the younger girls might seek in the future.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.