■ In the Matter of DOREEN BOROWICZ, Respondent, v BENJAMIN MANCINI, Appellant. [681 NYS2d 125] —Peters, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered January 7, 1998, which, *inter alia*, dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of a prior order of support.

Pursuant to a December 1993 separation agreement and its amendment thereto dated April 25, 1995, which was incorporated but not merged into a judgment of divorce, the parties waived the application of the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA) and agreed that respondent[1] would pay a set amount of child support. By stipulation of March 28, 1997, however, primary physical custody of the child was transferred to respondent. The instant proceeding was commenced the following April for a modification of the support obligation due to this transfer.

After a hearing, it was determined that although respondent had physical custody of the child 65% of the time, both parents would be declared custodial parents "based on their both having the same categories of expense * * * for shelter, food, clothing, education and transportation". Finding that the strict application of the CSSA would be unjust or inappropriate, the Hearing Examiner determined the requisite amount that each would be obligated to pay pursuant thereto and then proportionally offset that amount to result in an award to petitioner. After an unsuccessful appeal to Family Court,[2] this appeal ensued.

During the pendency of this appeal the Court of Appeals decided *Bast v Rossoff* (91 NY2d 723), which clarified the law regarding the application of the CSSA when presented with shared custody. The decision in that case affirmatively declared that the CSSA applies to shared custody (*id.*, at 726) and rejected the use of the proportional offset formula (*id.*, at 732), which was previously thought to be an effective resolution when presented with cases of this kind (*see, Matter of Holmes v Holmes*, 184 AD2d 185, *lv denied* 90 NY2d 802; *Matter of Kerr v Bell*, 178 AD2d 1). Instead, courts should determine, for

---

1. Since the husband was originally the respondent in an earlier proceeding, he has been referred to as such in all subsequent proceedings.

2. Family Court denied the objections filed by respondent but modified the order in a way not relevant to this appeal.

purposes of the CSSA, which parent has physical custody of the child for the majority of the time and then engage in the "precisely articulated, three-step method" (*Matter of Cassano v Cassano*, 85 NY2d 649, 652) outlined in the CSSA for determining the basic child support obligation. Thereafter, the noncustodial parent must pay its pro rata share of the basic child support obligation unless the court finds that the amount derived would be "unjust or inappropriate" (*see*, Family Ct Act § 413 [1] [f]).

Finding that the Hearing Examiner not only utilized the now forbidden proportional offset method but also credited reasons which we have specifically rejected as the basis for deviation from the CSSA (*see*, *Matter of Simmons v Hyland*, 235 AD2d 67, 71), we must reverse. Our review of the record indicates that no evidence was submitted indicating that petitioner incurs any extraordinary expenses due to the child's extended visitation or that respondent's expenses were significantly diminished as a result thereof (*id.*, at 70). With a further conflict presented by the record evidence regarding petitioner's annual income during relevant times,[3] we remit this proceeding for a determination in accordance herewith.

Crew III, J. P., White, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.

---

**3.** The determination of the Hearing Examiner details that petitioner was a certified alcoholism counselor employed by a school district in Connecticut until May 1997 at an annual salary of $46,000. While we find record evidence establishing a salary of $40,000 during such time period, we do not find any support for the amount noted by Family Court.