■ In the Matter of MANUEL F. FERNANDEZ, Appellant, v MILDRED T. FERNANDEZ, Respondent. [681 NYS2d 693] —Yesawich Jr., J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered September 10, 1997, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior child support order.

When petitioner and respondent were divorced in 1994, respondent was awarded custody of their three daughters (born in 1984, 1986 and 1988) and petitioner was ordered to pay $281 per week for their support, as calculated in accordance with the Child Support Standards Act (hereinafter CSSA). Petitioner also received the right to claim all three children as dependents for tax purposes. Thereafter, upon petitioner's application to modify the original order, the parties were awarded joint legal custody of the children with petitioner having primary physical custody of the eldest, Mili, and respondent having primary custody of the younger girls, Mila and Rocio. Respondent's visitation with Mili was limited to one weekend a month, two weeks in the summer, weekdays during the midwinter school break and alternating holidays, while petitioner was afforded more liberal visitation with Mila and Rocio, including three out of every four weekends, Wednesdays after school, and four weeks during the summer, as well as half of the Christmas vacation and alternating holidays. Petitioner's child support payments were set by stipulation at $135 per week, but the parties agreed that either could petition for a modification of this amount without showing a change of circumstances.

Petitioner then sought a downward modification of his child support obligation, arguing that the $135 weekly sum was excessive in view of the expenses he incurred as a result of

what he characterized as the parties' "shared custody" of their two younger daughters. A hearing was held, following which the Hearing Examiner granted the petition and set petitioner's child support obligation at $78 per week. After considering the objections filed by both parties, Family Court reversed, finding that petitioner had failed to demonstrate that he had incurred "extraordinary expenses", or that respondent's expenses had been "substantially reduced", due to the extent of his visitation with Mila and Rocio. The court concluded that there was no basis for decreasing the presumptive child support award of $135, which had been arrived at by subtracting the amount respondent owed petitioner, for the support of Mili, from that which petitioner was obliged to pay respondent, for the two younger girls' expenses. Petitioner appeals.

Family Court did not err in rejecting petitioner's argument that his child support should be reduced by applying a "proportional offset" formula, based upon the amount of time he spends with the two younger children. The Court of Appeals has repudiated the routine use of such a formula—noting, among other things, that similar methods of reducing child support in shared custody situations, though adopted by several other States, were considered but not embraced by the Legislature when enacting the CSSA (*see, Bast v Rossoff*, 91 NY2d 723, 729), and that a time-based allocation is not only difficult to apply, but also "has the undesirable potential of 'encouraging a parent to keep a stop watch on visitation'" (*Bast v Rossoff, supra*, at 732, quoting *Matter of Simmons v Hyland*, 235 AD2d 67, 70), with an eye toward reducing his or her financial obligation. Rather, the Court held that the noncustodial parent's basic child support obligation must first be calculated without regard to the extent of his or her visitation, and then adjusted if, and only if, it is found to be unjust or inappropriate due to one or more of the factors set forth in Family Court Act § 413 (1) (f). Because petitioner has not proven that he incurs any "extraordinary expenses" as a result of the time the girls spend with him (*see*, Family Ct Act § 413 [1] [f] [9] [i]; *Matter of Simmons v Hyland, supra*, at 71), that respondent's expenses are "substantially reduced" by reason of their absence (*see*, Family Ct Act § 413 [1] [f] [9] [ii]) or that any of the other statutory factors warrant reduction of the basic award of $135 per week, Family Court cannot be faulted for refusing to adjust that amount solely because of the extensive visitation that petitioner enjoys with his younger daughters (*see, Bast v Rossoff, supra*, at 732).

Nor was it improper, given the parties' relatively similar

incomes and the fact that two of the children reside primarily with respondent, to allow her to claim one of them as a dependent for tax purposes (see, Matter of Cary v Cary, 149 AD2d 851, 852). Petitioner's remaining argument—that the Hearing Examiner improperly failed to set forth his reasoning for applying the "standard" child support percentages to that of the parties' income exceeding $80,000 (see, Matter of Cassano v Cassano, 85 NY2d 649, 655)—is unreviewable, for it was not previously raised (see, Matter of Commissioner of Social Servs. [Wandel] v Segarra, 78 NY2d 220, 222, n 1; Matter of Werner v Werner, 130 AD2d 754).

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.