■ In the Matter of LAURALEE J. SLUCK, Appellant, v PETER J. SLUCK, Respondent. [698 NYS2d 790] —Yesawich Jr., J. Appeal from an order of the Family Court of Saratoga County (Seibert, Jr., J.), entered March 2, 1998, which, *inter alia*, granted petitioner's application in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support.

Petitioner, who has primary physical custody of the parties' daughter (born in 1990), initiated this support proceeding; respondent cross-petitioned also seeking support for the child. After a hearing on the petitions, the Hearing Examiner applied the Child Support Standards Act (Family Ct Act § 413) (hereinafter CSSA) and arrived at an annual support obligation for respondent of $5,991, but reduced this amount to $3,204 to reflect the fact that respondent's visitation schedule was such that he had physical custody of the child 28% of the time. Family Court's denial of petitioner's objections to the Hearing Examiner's determination prompted this appeal.

Because the sum arrived at by the Hearing Examiner was calculated based upon the recently discredited proportional offset formula, it is unacceptable (*see, Bast v. Rossoff*, 91 NY2d 723, 732; *Matter of Fernandez v Fernandez*, 256 AD2d 901; *Matter of Borowicz v Mancini*, 256 AD2d 713). After establishing that petitioner had physical custody a majority of the time, it was incumbent upon the Hearing Examiner to apply the three-step method embodied in the CSSA to arrive at the parties' respective support obligations (*see, Matter of Cassano v Cassano*, 85 NY2d 649, 652; *Matter of Borowicz v Mancini*, *supra*, at 714). "Application of the CSSA formula creates a rebuttable presumption that the statutory guidelines will yield the correct amount of child support" (*Matter of Keay v Menda*, 210 AD2d 483) and departure from the figure determined thereby is allowable only if there are special factors, not present in this record, which would render that amount unjust or inappropriate (*see, Matter of Ballard v Davis*, 248 AD2d 858, 860, *lv denied* 92 NY2d 803; *see also*, Family Ct Act § 413 [1] [f]).

Nor has respondent convinced us that retroactive application

of *Bast v Rossoff* (*supra*) would violate his due process rights (*see, e.g., Matter of Borowicz v Mancini, supra; Matter of Fernandez v Fernandez, supra*). Lastly, although the Hearing Examiner's initial application of the CSSA was correct, given petitioner's concession in her brief that respondent is entitled to an offset for health insurance premium payments—a point of view consistent with this Court's prior holdings (*see, Matter of Bryant v Bryant*, 235 AD2d 116, 121-122; *Matter of Eastburn v Eastburn*, 222 AD2d 898, 900)—this matter must be remitted to enable Family Court to consider the impact of this expenditure on respondent's support obligation.

Cardona, P. J., Mikoll, Mercure and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.