OPINION OF THE COURT
Timothy J. Lawless, J.
On February 5, 2001, petitioner filed a petition with this Court seeking an order of support for the benefit of Trinity A. Carter (date of birth Apr. 18, 2000). Hearing Examiner David L. Wood held a hearing on March 12, 2001 and thereafter on March 14, 2001 entered and served his fact finding and order dated March 12, 2001. The Hearing Examiner found the parties to be chargeable with the support of the child and ordered respondent to pay $35 per week. Respondent’s $35 weekly obligation represents a downward departure from the strict ap *271 plication of the Child Support Standards Act (Family Ct Act §413)
Family Court Act § 439 (e) provides that “[t]he determination of a hearing examiner shall include findings of fact and a final order which shall be entered and transmitted to the parties. Specific written objections to such order may be filed by either party with the court within thirty days after receipt of the order in court or by personal service, or, if the objecting party or parties did not receive the order in court or by personal service, thirty-five days after mailing of the order to such party or parties. A party filing objections shall serve a copy of such objections upon the opposing party, who shall have thirteen days from such service to serve and file a written rebuttal to such objections. Proof of service upon the opposing party shall be filed with the court at the time of filing objections and any rebuttal.”
Respondent filed written objections with the Court on April 13, 2001 setting forth objections to Hearing Examiner Wood’s fact finding and order. As of date, no rebuttal to the objections has been filed with this Court. Family Court Act § 439 (e) provides that “the judge, based upon a review of the objections and the rebuttal, if any, shall (i) remand one or more issues of fact to the hearing examiner, (ii) make, with or without holding a new hearing, his or her own findings of fact and order, or (iii) deny the objections.”
Respondent objects to the ordered $35/weekly on the grounds that he has the child at issue herein in his custodial care a substantial period of time and that the $35/weekly takes away from the lifestyle that he maintains for his child when she is in his home. This Court has reviewed the hearing, mechanically recorded on tape, and notes that it is undisputed that the parties share custodial periods with their child as follows: petitioner has the child from Sundays at 4:00 p.m. until Wednesdays at 4:00 p.m., and respondent has the child Wednesdays at 4:00 p.m. until Sundays at 4:00 p.m. This Court reviewed the parties’ custody order dated November 28, 2000 (docket No. V-2520-2000/V-3076-2000/V-2603-2000/V-2999-2000, Family Unit No. 4535), which states that “the parties shall have joint legal and physical custody of the subject child.” Indeed, the order sets forth the four-day/three-day split with respondent having the child with him for four days out of seven on a weekly basis.
The issue before this Court is the applicability of the Child Support Standards Act (CSSA) in cases of joint physical (or *272 shared) custody. Hearing Examiner Wood found respondent to be the “non-custodial parent” pursuant to the Appellate Division, Third Department, case of Baraby v Baraby (250 AD2d 201 [3d Dept 1998]). In Baraby, the court, citing Bast v Rossoff (91 NY2d 723), held that “[i]t is now settled that [s]hared custody arrangements do not alter the scope and methodology of the CSSA.” (See Baraby, 250 AD2d at 203-204.) The court further held that “[t]he three-step statutory formula of the CSSA for determining the basic child support obligation must be applied in all shared custody cases.” (Id. at 204.) In doing so, the court held, the noncustodial parent must be directed “to pay a pro rata share of that obligation unless the court finds that amount to be 'unjust or inappropriate’.” (Id.)
In determining how to identify the “non-custodial parent” in cases where the parties split evenly the physical custody of the child, the court in Baraby held as follows: “[W]e interpret Bast as requiring application of the CSSA to such situations to assure that children will realize the maximum benefit of their parents’ resources and continue, as near as possible, their preseparation standard of living in each household. In order to effectuate this goal, where, as here, the parents’ custodial arrangement splits the children’s physical custody so that neither can be said to have physical custody of the children for a majority of the time, the parent having the greater pro rata share of the child support obligation, determined after application of the three-step statutory formula of the CSSA, should be identified as the ‘noncustodial’ parent for the purpose of support regardless of the labels employed by the parties.” (Id.)
This Court finds that Hearing Examiner Wood improperly applied Baraby in this case when determining that respondent was the “non-custodial parent” for child support purposes. In Baraby, the court had before it a fact pattern where the parents shared custodial periods with the child on an equal basis by alternating weeks thereby creating a true 50/50 split which made it impossible to identify a custodial parent on the basis of the respective time the parties spent with the child. In the case at hand, it is undisputed that respondent has the child with him one day per week more than petitioner. In Bast, the Court held that “In most instances, the court can determine the custodial parent for purposes of child support by identifying which parent has physical custody of the child for a majority of the time.” (See Bast, 91 NY2d at 728.) The Court in Bast found further that “even though each parent has a custodial *273 period in a shared custodial arrangement, for purposes of child support, the court can still identify the primary custodial parent.” {Id. at 729.) Accordingly, this Court finds that Baraby applies only to shared custodial arrangements where neither parent can be identified as having the child a majority of the time. In the case at hand, respondent is the custodial parent for child support purposes and thus is not obligated to pay child support as a noncustodial parent.
Accordingly, Hearing Examiner Wood’s fact finding and order dated March 12, 2001 is hereby vacated and Holly M. Brooks’ petition seeking child support is hereby dismissed.