■ KEVIN A. GAINEY, Respondent-Appellant, v CAROLYN GAINEY, Appellant-Respondent. [756 NYS2d 647] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an amended judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated November 5, 2001, as, after a nonjury trial, (1), in effect, awarded the plaintiff husband sole custody of the parties' child, (2) awarded the plaintiff husband child support in the amount of $438.23 per month, (3) did not award her reimbursement for certain pendente lite child care expenses, (4) did not award her maintenance, and (5) awarded her the sum of only $24,719.50 as an attorney's fee. The plaintiff husband cross-appeals from so much of the same judgment as, in effect, granted the defendant wife residential custody of the child.

Ordered that the amended judgment is modified, on the law, by (1) deleting the provision thereof which awarded the plaintiff husband sole custody of the child and substituting therefor a provision granting the parties joint custody of the child, (2) deleting the provision thereof which, in effect, awarded the defendant wife residential custody of the child and substituting therefor a provision granting the parties joint physical custody of the child, (3) deleting the provision thereof awarding the plaintiff husband child support in the amount of $438.23 per

month and substituting therefor a provision awarding the defendant wife child support in the amount of $600 per month; and (4) adding thereto a provision awarding the defendant the sum of $3,685 for pendente lite child care expenses; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The parties were married in November 1995 and have one child. The plaintiff commenced this action for a divorce and ancillary relief in April of 1997. The defendant appeals and the plaintiff cross-appeals from the amended judgment of divorce. We modify.

It is well settled that the paramount concern in rendering a child custody determination is "the best interest of the child, and what will best promote [his or her] welfare and happiness" (*Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *see Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). The trial court's determination as to custody will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach, supra* at 173; *Lynch v Acey,* 281 AD2d 483 [2001]; *Coakley v Goins,* 240 AD2d 573 [1997]). Here, the best interest of the child is served by an award of joint physical and legal custody.

As recently discussed by the Court of Appeals, the terminology employed concerning the custody of children in matrimonial actions has not kept pace with the realities of modern trends, which reflect the desire of divorcing parents to maximize their parenting opportunities through shared custody arrangements (*see Bast v Rossoff,* 91 NY2d 723, 728 [1998]; *see also* Schepard, *Words: From "Custody" (Negative) to "Parenting" (Positive),* NYLJ, Jan. 15, 2003, at 3, col 1). Here, for example, although the amended judgment purports to grant the plaintiff "custody of the child" and awards him child support, the defendant former wife has physical custody of the child approximately 65% of the time to the plaintiff's 35%. The arrangement concerning physical custody is essentially that initially agreed to by the parties and in effect during the pendency of this action. Moreover, it has a sound and substantial basis in the record based, inter alia, on the defendant's greater availability. Thus, it will not be disturbed on appeal. However, in light of the division of physical custody of the child, the award, in effect, of sole custody to the plaintiff was not in the child's best interest. In fact, at oral argument of the appeal both parties spoke of tensions created by the arrange-

ment which have redounded to the detriment of the child. This is in contrast to the trial court's finding before the amended judgment was entered that the child was thriving. Moreover, the award unnecessarily complicates effective decision making during the time the child is physically with the defendant. As to the decisions concerning matters such as summer camp, we are confident that the parties, both of whom were found by the trial court to be concerned parents, will be able to cooperate in making joint decisions that are in the best interest of their child.

A modification of the child support award is warranted. In *Bast v Rossoff* (*supra*), the Court of Appeals held that the Child Support Standards Act (hereinafter CSSA) was applicable to shared custody arrangements (*id*. at 727-728). Further, "[i]n most instances, the court can determine the custodial parent for purposes of child support by identifying which parent has physical custody of the child for a majority of the time * * * As noted by Supreme Court, '[t]he reality of the situation governs'" (*Bast v Rossoff, supra* at 728). Here, the defendant is the custodial parent within the meaning of *Bast v Rossoff* (*supra*) and is entitled to an award of child support from the plaintiff. However, an award to the defendant of the full amount of the plaintiff's $850 pro rata share of the basic child support obligation would be unjust and inappropriate under the circumstances (*see Bast v Rossoff, supra* at 726-727). Balancing the plaintiff's shared physical custody of the child (which includes weekdays) against the defendant's lesser income and financial resources, and the standard of living the child would have enjoyed but for the dissolution of the marital home, we find an award of $600 per month to the defendant to be just and appropriate (*see* Domestic Relations Law §§ 240 [1-b] [f] [1], [3], [5], [7], [10]). The trial court shall provide for an award of arrears, if any (*see* Domestic Relations Law § 236 [B] [7] [a]; *Poli v Poli,* 286 AD2d 720 [2001]).

The trial court erred in failing to award the defendant reimbursement in the amount of $3,685 for the plaintiff's pro rata share of reasonable pendente lite child care expenses (*see Slankard v Chahinian,* 204 AD2d 529 [1994]; Domestic Relations Law § 240 [1-b] [c] [4]). The trial court's conclusion that such expenses were paid to the maternal grandmother is unsupported by the record. Further, contrary to the plaintiff's contention, the record contains sufficient, uncontroverted evidence that the expenses were reasonable.

Contrary to the defendant's contention, the trial court providently exercised its discretion in declining to award her

maintenance (*see Murray v Murray,* 269 AD2d 433 [2000]; *O'Sullivan v O'Sullivan,* 247 AD2d 597 [1998]; *Kornfeld v Kornfeld,* 224 AD2d 620 [1996]). The defendant was employed and self-supporting before the marriage and continued her employment both during and after the marriage. Further, the marriage was of short duration, and the parties kept their finances separate and maintained a modest lifestyle. Thus, we decline to modify the amended judgment to award her maintenance.

Finally, in light of all relevant circumstances of the case and the parties, including the relative merits of the parties' positions and their respective financial positions, we find the amount of an attorney's fee awarded to the defendant to be appropriate (*see Matter of Mullen v Just,* 288 AD2d 476 [2001], *cert denied* 123 S Ct 98 [2002]; *Grossman v Grossman,* 260 AD2d 602 [1999]; *see generally O'Shea v O'Shea,* 93 NY2d 187 [1999]). We leave to the discretion of the trial court the schedule of the payments to be made.

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.