■ VIVIAN R. MENDENHALL, Respondent, v STANFORD MENDENHALL, Appellant. [770 NYS2d 885]—

In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Nassau County (Friedenberg, J.H.O.), entered May 31, 2002, which, inter alia, awarded the plaintiff child support in the sum of $580 every other week and an attorney's fee in the sum of $2,000.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff an attorney's fee in the sum of $2,000; as so modified, the judgment is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Judicial Hearing Officer had the authority to issue the judgment of divorce, since an order of reference designating her to hear and determine all issues was made upon consent of the parties (see CPLR 4317 [a]; Perrelli v Perrelli, 284 AD2d 517 [2001]).

While the parties agreed to joint custody, the plaintiff is the

custodial parent within the meaning of *Bast v Rossoff* (91 NY2d 723 [1998]), and was properly awarded child support from the defendant. Further, we reject the defendant's argument that his child support obligation should be proportionally offset by the amount of time the children spend with him (*see Bast v Rossoff, supra* at 730-732).

However, the Supreme Court improvidently awarded the plaintiff an attorney's fee in the sum of $2,000, as the equities of this case dictate that each party pay his or her own attorney's fee (*see Matter of Mullen v Just,* 288 AD2d 476, 477 [2001], *lv denied* 97 NY2d 613 [2002], *cert denied* 537 US 820 [2002]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.