Matter of Frazier v Penraat (2004 NY Slip Op 51668(U))

[*1]

Matter of Frazier v Penraat

2004 NY Slip Op 51668(U)

Decided on December 16, 2004

Family Court, New York County

Sturm, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2004

Family Court, New York County
In the Matter of a Proceeding for Support under Article 4 of the Family Court Act ALEXIS FRAZIER, Petitioner,
against
NOELLE PENRAAT, Respondent.
In the Matter of a Proceeding for Support under Article 4 of the Family Court Act
NOELLE PENRAAT Petitioner, -against-
against
ALEXIS FRAZIER Respondent.
F-01303/02

Helen C. Sturm, J.
The parties are the mothers of two sons, and enjoy equal parenting time with the [*2]children.[FN1] After conducting an extensive hearing on cross-petitions for support, Support Magistrate Palos entered a lengthy decision in which he concluded that neither parent was entirely candid or credible. Because he found that the parties have essentially identical income and spend equal amounts of time with the children, the magistrate dismissed the petitions and entered no order of support.
PROCEDURAL HISTORY
Each party objected to the magistrate's calculation of the other's income and to his conclusions about her own credibility. Both parties requested in the course of their objections and rebuttals that these matters be resolved as expeditiously as possible to avoid incurring additional legal fees and delay. The Court remanded the matter to Support Magistrate Palos for clarification of the Findings of Fact on April 22, 2004 seeking further elucidations of the magistrate's conclusions and specific determinations regarding Ms. Penraat's income.
Support Magistrate Palos entered Supplemental Findings on June 18, 2004. On or about July 14, 2004, Ms. Frazier, by her counsel, filed a sur-objection to the support magistrate's Supplemental Findings. Ms. Penraat, by her counsel, filed a rebuttal to the sur-objections on or about August 30, 2004.
Support Magistrate Palos explained that he rejected all of Ms. Penraat's testimony concerning her financial difficulties and relied entirely on her tax forms to determine her income for child support purposes. The support magistrate deemed Ms. Penraat's returns to be more reliable than her testimony because they were prepared by an accountant. The magistrate added [*3]that petitioner's expert witness conceded that her analysis of the parties' finances, which was based on information from the year 2000, was too remote to be determinative of whether respondent currently collects significant unreported income.
OBJECTIONS
Petitioner's objections, read cumulatively from the initial objection, rebuttal to respondent's objection and sur-reply to the Supplemental Findings, are primarily that Support Magistrate Palos failed to give sufficient weight to the parties' lifestyle while living together, failed to impute income to respondent from a variety of sources, and failed to credit petitioner's credible testimony regarding respondent's operation of her film editing concern as a cash business. Specifically, petitioner objects that:
 (1) more weight should have been given to the parties' mediated agreement of October 23, 2001 in which respondent agreed to provide child support; 
(2) more weight should have been given to petitioner's documentary evidence that respondent had agreed to provide other forms of financial support to petitioner after their separation; 
(3) despite the magistrate's findings that respondent was incredible, he credited her self- prepared business receipts and the income she declared on her tax returns with only minor deviations; 
(4) the magistrate did not properly credit the forensic accountant's lifestyle analysis in order to arrive at a proper figure to impute to respondent as income;
 (5) the magistrate did not impute income to respondent from her father;
 (6) the magistrate should have credited petitioner's testimony regarding the piles of cash she saw in the apartment when the parties' resided together because it was supported by the record established in the course of the hearing;
 (7) the magistrate erred in not awarding petitioner counsel and expert fees. 
Respondent's objections, read cumulatively from the initial objection, the rebuttal to petitioner's objection and the rebuttal to petitioner's objection to the sur-reply to the Supplemental Findings, are primarily that petitioner's income was miscalculated because she did not provide her 2002 tax returns as required, that income was improperly imputed to respondent and that the magistrate "went to great lengths to equalize the income of the parties for child support purposes" (see, Respondent's Objection at p.3). Specifically, respondent objects that:
(1) petitioner's 2002 income was calculated using her W-2 form. Reliance on the W-2 form resulted in an underestimation of petitioner's income because it did not reflect an end-of-year tax refund which petitioner presumably received in light of past refunds and therefore credits petitioner for a higher tax burden than she actually incurs;
(2) the magistrate improperly imputed income to respondent based on her 2002 investment income by using her tax return when he was not provided with petitioner's tax return and was therefore unable to impute investment income to petitioner;
(3) the magistrate should have imputed income to petitioner in light of her failure to submit a copy of her 2002 tax return;
(4) the magistrate improperly deducted petitioner's union dues of $764.66 before arriving at her Adjusted Gross Income;
(5) the magistrate should have relied on respondent's tax returns absent a showing that the forms were incorrect. The declared income and business expenses total $48,325 [*4]for 2002. The magistrate instead relied on an unconventional formula using average past income;
(6) the magistrate double-counted respondent's income and expenses;
(7) it was improper for the magistrate to impute $3,000 to respondent based on her joint ownership of her father's home and a sale of securities;
The Court has reviewed the substantial record in this matter and finds that both parties have articulated meritorious objections to the decision and order of Support Magistrate Palos entered on January 20, 2004 as discussed below.

ORDERS OF SUPPORT IN SHARED CUSTODY CASES
Application of the Child Support Standards Act is clear in situations when children reside primarily with one of their parents. An order or agreement that merely adopts the term "joint custody" or "shared custody" to describe the parents' access and decision-making does not in and of itself resolve a support matter. In most situations, the court can determine the custodial parent for support purposes by identifying the parent who has physical custody for the majority of the time. The Court of Appeals observed in Bast v. Rossoff, 91 NY2d 723 (1998) that neither the legislative history of the Child Support Standards Act nor the statute itself suggest that the legislature intended to deviate from the application of the guidelines in shared custody cases. In some situations where parents share custody, the formula will yield an order that is just and appropriate notwithstanding the additional time the obligor spends with the child; in other circumstances, when the statutory formula yields an unjust or inappropriate result, the trial court can resort to the factors contained in Family Court Act 413(1)(c), (f) (10),(g) as it would in any other [*5]case where strict application of the guidelines would yield an unjust or inappropriate result. As Support Magistrate Palos notes, it is not possible in the instant matter to differentiate between the parties' on the basis of their access to the children as they enjoy an exactly equal division of the children's time. The magistrate further noted that the only reported case at the time of the entry of his decision which addressed a custodial arrangement similar to that of these parties is the Third Department case of Baraby v. Baraby, 250 AD2d 201, 681 NYS2d 826.[FN2] The Baraby court determined that it was consistent with the Child Support Standards Act and the Bast decision to deem the parent who earned the greater share of the pro rata income to be the non-custodial parent for support purposes and to apply the formula as set out in the statute. 
Support Magistrate Palos found that he was not bound to follow the Baraby decision because the remaining divisions of the appellate court had not addressed the impact of an equal division of custodial time on child support. This finding was in error. The Appellate Division is a single statewide court divided into department for administrative convenience. The doctrine of stare decisis requires trial courts to follow precedents set by the Appellate Division of another department unless and until the Court of Appeals or the Appellate Division of that department pronounces a contrary rule (Mountain View Coach Lines, Inc, 102 AD2d 663, 476 NYS2d 918). Because neither the Court of Appeals nor the Appellate Division First Department have adopted a contrary position, it is proper to apply the analysis in Baraby and to consider the parent whose share of the pro rata income is greater as the non-custodial parent for child support purposes.
[*6]CALCULATION OF THE PARTIES' INCOME Support Magistrate Palos explained that under the circumstances presented in this case, no order of support need issue because the parents have essentially the same income. Although he recognized that part of the purpose of the child support guidelines is to minimize any material impact on the children due to their parents' separation, the magistrate concluded that the mere fact that Ms. Penraat appears to enjoy a higher standard of living is not a sufficient basis to order that she subsidize Ms. Frazier's expenses in light of what he found were their identical financial circumstances. 
This Court cannot uphold the magistrate's determination that the parties incomes are essentially the same and agrees with respondent's observation that Support Magistrate Palos appears to have gone to great lengths to equalize the parties income in order to avoid making an order of support in favor of either parent. 
Ms. Frazier is a salaried employee of LaGuardia Community College where she works as an Assistant Professor. It is uncontested that she holds no other positions and has no other source of income. Ms. Frazier's 2002 W-2 form reflects a total income of $88,621.68. The magistrate properly deducted from this gross income $5,263.80 paid in Social Security taxes, $1,285.01 in Medicare taxes, and $2,786.13 for New York City taxes. It was improper for the magistrate to deduct union dues from petitioner's income as this is not a recognized deduction under the Child Support Standards formula for calculating Adjusted Gross Income. Petitioner's Adjusted Gross Income is therefore $79, 316.74. Respondent's argument that this figure is inappropriate because it does not account for petitioner's historical income tax refund is not properly considered at the objection phase as it was not raised in the course of the hearing or [*7]argued in summation.
Respondent is self-employed as a film cutter. The Court concurs with Support Magistrate Palos' observation that calculating her income is problematic in light of her treatment of herself at various times as both an employee and as an independent contractor. The testimony supports the magistrate's conclusion that respondent determines for herself what her income is, when she gets paid and when she foregoes paychecks to suit her business or personal purposes. The Court adopts the magistrate's finding that contrary to respondent's position that her business has declined ever since 2000, the business's tax returns reflect that the business has in fact become more profitable over time. 
The Court cannot, however, adopt the magistrate's conclusion that respondent's tax returns are credible merely because they were prepared by an accountant. As petitioner rightly notes, it is not the role of an accountant to verify the accuracy of information provided by a client and the Court is not bound to accept a parties' account of their income when it is incredible even if it is reported on their tax return ( Mobley-Jennings v. Dare, 642 NYS2d 41). It was an abuse of discretion for the magistrate to rely on respondent's tax returns in light of his conclusion that none of her testimony concerning her income or her dire financial straits was credible. Respondent's objection that it was proper for the magistrate to rely on her tax returns but improper for him to impute income above this figure is entirely without merit. As Support Magistrate Palos notes, respondent's W-2 for 2002 reflected income of only $15,000 per year in contradistinction to the two previous years when she claimed income of $62, 500 and $57,000. Respondent's attempts to manipulate her 2002 income for purposes of the hearing were transparent to the magistrate , especially in light of the fact that in 2002 her business income [*8]increased. The Court therefore adopts the magistrate's analysis of respondent's gross receipts as a basis for comparison for the different ways respondent has manipulated her income and to reject her contention that her business had declined.
Respondent's objection that the magistrate applied an untraditional formula to respondent's gross receipts in order to calculate her income is granted to the extent that the Court declines to apply the same formula in order to arrive at respondent's income. The record reflects that Ms. Penraat testified on cross-examination that she listed her yearly income as $80,000 per year when she applied to finance the purchase of a Mitsubishi in October or November 2001. The Court will adopt this figure as a base for calculating Ms. Penraat's income. The Court finds that the magistrate's incorporation of an additional $8,325, which respondent listed as medical expenses and automotive expenses on her business return, into her income was entirely proper. The Court also adopts the magistrate's imputation of income to respondent if $20,250 from the profit from a $25,250 payment listed on respondent's 2002 tax return in Schedule C and $3,000 from property and securities for a total income of $111,575 in 2002. The Court chooses not to impute additional income to respondent based on the forensic accountant's lifestyle analysis or on the basis of the uncontroverted testimony that respondent often kept cash payments in her office drawer. These factors were considered in the Court's selection of the $80,000 per year base salary figure. From the gross figure of $111,575 , Social Security taxes of $5,449.80, Medicare taxes of $1,617.84 and New York City taxes of $2,231.50 must be deducted resulting in an Adjusted Gross Income of $102,275.86 for child support purposes. 
CALCULATION OF THE ORDER OF SUPPORT
[*9]
It is clear under Baraby that respondent may properly be characterized as the non-custodial parent for support purposes because she earns fifty-six percent of the combined income. The Court will therefore require that she pay support to petitioner not on the basis of their mediated agreement, which was subject to change, but because she earns substantially more money than petitioner. The Court must therefore compute support according to the Child Support Standards Act formula, following the Bast and Baraby guidelines and then consider two questions: (1) does applying the full CSSA percentage to all income above the $80,000 cap result in an unjust or inappropriate award of child support; and (2) what CSSA percentage should be applied to income above the cap to produce a just and appropriate support award (Vuoncino v. Fuhrman, 3 Misc 3d 291, 776 NYS2d 694, 2004 NY Slip Op. 24006). 
 Courts have recognized that children who have been raised in the context of a long-term marriage should continue to reside in an environment that approximates the standard of living that they would have enjoyed had their parents' remained married (see, Kosovsky v. Zahl, 272 AD2d 59, 707 N.Y.S.2D 168, Zaremba v. Zaremba, 222 AD2d 500, 635 NYS2d 532, Moschetti v. Moschetti, 277 AD2d 838, 716 NYS2d 802). Although the parties in this case are not married, and could not have married under the laws of New York, the record is clear that they were in a committed relationship for a significant period of time. The subject children are entitled to the same expectation that their standard of living should not suffer, if at all possible, from the dissolution of their parent's relationship as the children of a marriage. 
The family has a combined Adjusted Gross Income of $181,562. It is appropriate in this case to apply the full statutory percentage to all income above the $80,000 cap in light of the standard of living that the children would have enjoyed had their parents remained together. [*10]Strict application of the CSSA formula to all income would result in an award of $25,418.76 for two children. After support payments, Ms. Frazier would have an income of $104,705.50 and Ms. Penraat would be left with an income of $77,143.84. This result, however, would be unjust and inappropriate under Bast and Baraby in light of the fact that the parents equally share custody of the children and make significant monetary and non-monetary contributions to their sons.
The Court therefore varies the award of support from the statutory guidelines. The approximate difference between the parties' Adjusted Gross Income is $22,989.12. Ms. Penraat is consequently ordered to pay approximately half of this figure, $11,5000 annually to Ms. Frazier as and for support of the children. This arrangement will serve to equalize the children's circumstances in each home. Ms. Penraat is directed to pay support of $958.33 to Ms. Frazier on a monthly basis with payments due on the 15th day of each month through the Support Collection Unit retroactive to the filing date of Ms. Frazier's petition, May 2, 2002. Petitioner is to maintain health insurance for the children. Unreimbursed health care expenses are to be shared equally by the parties.
 The parties' remaining objections to the calculation of their incomes are denied. Petitioner's objection that she should have been granted expert and counsel's fees is also denied. As noted by Support Magistrate Palos, an award of counsel fees in establishing an order of support is a
[*11]
discretionary matter to be determined by the trier of fact. The magistrate weighed the difficulty of the questions presented by the case, the skill required to litigate this matter, the ability and reputation of the parties' attorneys and the fees incurred and determined that no award was appropriate. 
This constitutes the decision and order of the Court.
Notify parties, Support Magistrate Palos, and the Support Collection Unit.
 E N T E R
 _____________________________
 HELEN C. STURM, J.F.C.

Dated: New York, NY

Footnotes

Footnote 1:The parties entered into an extensively negotiated stipulation concerning custody and visitation of their children on or about February 4, 2003. A petition is currently pending before this Court which seeks to modify this arrangement. 

Footnote 2:An Albany County support case, Vuoncino v. Fuhrman, 3 Misc 3d 291, 776 NYS2d 694, 2004 NY Slip Op. 24006, was published in the New York Law Journal on January 6, 2004.