■ Mitchel Ochs, Respondent-Appellant, v Stacey Ochs, Appellant-Respondent. [837 NYS2d 290]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), dated September 29, 2005, and (2) a resettled judgment of the same court entered November 29, 2005, which, upon the order, awarded her $1,500 in monthly child support, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from (1) stated portions of the order, and (2) stated portions of the resettled judgment which, inter alia, awarded the defendant 50% of the value of his law degree and license as enhanced earnings.

Ordered the appeal and cross appeal from the order dated September 29, 2005 are dismissed; and it is further,

Ordered that the resettled judgment entered November 29, 2005 is modified, on the facts, by deleting the provision thereof awarding the defendant 50% of the value of the plaintiff's law degree and license and substituting therefor a provision awarding the defendant 25% of the value of the plaintiff's law degree; as so modified, the resettled judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal and cross appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the resettled judgment (see CPLR 5501 [a] [1]).

The Supreme Court was not required to apply the statutory percentages found in the Child Support Standards Act to the entire amount of combined family income (*see Jordan v Jordan*, 8 AD3d 444 [2004]; *Poli v Poli*, 286 AD2d 720 [2001]). In addition, in calculating the amount of child support, the court properly considered factors such as a shared custody arrangement (*see Bast v Rossoff*, 91 NY2d 723, 730-732 [1998]; *Gainey v Gainey*, 303 AD2d 628 [2003]; *but see Mendenhall v Mendenhall*, 4 AD3d 344 [2004]).

The defendant, who supported the plaintiff during his last year and a half of law school, was entitled to a share of the enhanced earning capability represented by the plaintiff's law degree and license (*see McSparron v McSparron*, 87 NY2d 275, 286 [1995]; *O'Brien v O'Brien*, 66 NY2d 576, 588 [1985]; *Vainchenker v Vainchenker*, 242 AD2d 620, 621 [1997]). However, as the record does not indicate that, by so doing, the defendant sacrificed any educational or employment opportunities, the defendant should have been awarded 25% of the plaintiff's enhanced earnings (*see Holterman v Holterman*, 3 NY3d 1 [2004]; *Chamberlain v Chamberlain*, 24 AD3d 589 [2005]; *Miklos v Miklos*, 9 AD3d 397 [2004]; *Pocchia v Pocchia*, 288 AD2d 282 [2001]).

The parties' remaining contentions are without merit. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.